# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, PLANNED PARENTHOOD OF ARKANSAS & EASTERN OKLAHOMA, d/b/a PLANNED PARENTHOOD GREAT PLAINS, STEPHANIE HO, M.D., and THOMAS TVEDTEN, M.D., on behalf of themselves and their patients,<br><br>       Plaintiffs,<br><br>   v.<br><br>LESLIE RUTLEDGE, in her official capacity as Attorney General of the State of Arkansas; LARRY JEGLEY, in his official capacity as Prosecuting Attorney of Pulaski County; MATT DURRETT, in his official capacity as Prosecuting Attorney of Washington County; SYLVIA D. SIMON, M.D., in her official capacity as Chairman of Arkansas State Medical Board; ROBERT BREVING JR., M.D., VERYL D. HODGES, D.O., JOHN H. SCRIBNER, M.D., OMAR T. ATIQ, M.D., RHYS L. BRANMAN, M.D., RODNEY GRIFFIN, M.D., MRS. MARIE HOLDER, BRIAN T. HYATT, M.D., MR. LARRY D. "BUDDY" LOVELL, TIMOTHY C. PADEN, M.D., DON R. PHILLIPS, M.D., WILLIAM L. RUTLEDGE, and M.D., DAVID L. STAGGS, M.D., in their official capacities as officers and members of the Arkansas State Medical Board, and NATHANIEL SMITH, M.D., M.P.H., in his official capacity as Director and State Health Officer of the Arkansas Department of Health,<br><br>       Defendants. | CIVIL ACTION<br><br>Case No. 4:19-cv-00449-KGB<br><br>**SUPPLEMENTAL OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY AND CROSS MOTION FOR A PROTECTIVE ORDER** |

1

## INTRODUCTION

After agreeing to negotiate a protective order to facilitate Plaintiffs' production of documents and information, Defendants refused to treat anything other than "patient names, birth dates, social security numbers, telephone numbers, physical addresses, and email addresses" confidentially. That narrow scope does not even track the federally-mandated confidential treatment of patient health data.[1] Information about Plaintiffs' physicians, clinic staff, or other affiliated persons, as well as other sensitive information that could jeopardize the safety or privacy of any person, would receive no protection. As this Court knows, Defendants sought broad pre-hearing discovery that extends far beyond "patient-identifying information," including all data relied on by Plaintiffs' expert Jason Lindo, the names of OBGYNs Plaintiffs contacted to gauge their interest in employment, and proprietary business information.[2] Even though pre-hearing discovery is not the norm, Plaintiffs agreed to produce a limited set of documents and information pursuant to a protective order sufficient to maintain the privacy and safety of Plaintiffs, their patients, staff, and affiliates. But Defendants have since refused a protective order that is reasonable in scope while stating no basis for that refusal other than it is only "fair" to designate patient-identifying information as confidential.[3] Nor have Defendants identified any use for the information subject to discovery outside of this litigation, and Plaintiffs can think of none. Plaintiffs cannot proceed with any production of documents or information without a protective order in place that will ensure sensitive information will be treated as confidential.

---

[1] *See* 45 C.F.R. § 164.514(b)(2)(b) (listing confidential patient-identifying factors under HIPAA).

[2] *See* Defendants' First Set of Interrogatories and Requests for Production (Dkt. No. 26-1).

[3] *See* Email from V. Wagner to T. Simeone, July 17, 2019 (Ex. 1).

Thus, Plaintiffs oppose Defendants' renewed motion for expedited discovery and move for a protective order that is reasonable in scope.[4]

## BACKGROUND

*Defendants Move for Broad Discovery and*
*Plaintiffs Agree to Produce a Limited Set Pursuant to a Protective Order*

On July 2, 2019, Defendants' filed a Motion for Expedited Pre-Hearing Discovery and propounded Interrogatories and Requests for Production seeking (among other things) (i) highly confidential and sensitive personal-health information about Arkansas abortion patients,[5] (ii) information about Plaintiffs' efforts to identify OBGYNs willing to subject themselves to the stigma and harassment associated with providing abortion care in this State,[6] (iii) details regarding the professional histories of Arkansas clinicians who are irrelevant to this litigation,[7] and (iv) six years of certain patient-complication data.[8] Plaintiffs opposed that motion because

---

[4] Plaintiffs' proposed protective order is attached as Exhibit 2.

[5] *See* Defendants' First Set of Interrogatories and Requests for Production (Dkt. No. 26-1), Interrogatory No. 1 (seeking 2016-present PPAEO and LRFP abortion-care detail); Interrogatory No. 5 ("Identify all data on which Jason Lindo relied in drafting his declaration."); Interrogatory No. 6 (seeking 2016-present information regarding Dr. Kathleen Paulson's abortion care); Interrogatory No. 10 (seeking 2014-present PPAEO and LRFP abortion-care-complication information); RFP No. 1 (seeking all documents relied on in responding to Interrogatory Nos. 1-10).

[6] *See id.* Interrogatory No. 3 (seeking names of OBGYNs identified and contacted by PPAEO and LRFP and detail regarding any related communications); Interrogatory No. 7 (seeking names of two clinicians identified by LRFP); RFP No. 2 (requesting correspondence between PPAEO and LRFP and the listserv of Physicians for Reproductive Health); RFP No. 3 (requesting correspondence between PPAEO and LRFP and the National Abortion Federation or associated persons or programs).

[7] *See id.* Interrogatory No. 2 (seeking information regarding "any allegations of professional misconduct made against each individual who is in any way related to PPAEO, LRFP, or both, and who performs or has performed abortions"); Interrogatory No. 4 (seeking the names and other information of contracted physicians); Interrogatory No. 9 (seeking information regarding Dr. Janet Cathey's abortion-care-related training).

[8] *See id.* Interrogatory No. 10 (seeking 2014-present PPAEO and LRFP abortion-care-complication information).

the discovery sought was overbroad and there was no protective order in place.[9] Yet Plaintiffs offered to produce a limited set of discovery so long as the parties entered a protective order that would ensure continued confidential treatment.[10]

***Defendants Refused a Protective Order that is Reasonable in Scope***

Consistent with Plaintiffs' statement in their Opposition to Defendants' Motion for Expedited Pre-Hearing Discovery, Plaintiffs emailed Defendants a proposed protective order on July 10.[11] Defendants did not respond with a counterproposal until July 15, at which time they served an extremely narrow draft protective order that would allow only the following content to be designated confidential: "patient names, birth dates, social security numbers, telephone numbers, physical addresses, and email addresses."[12] Because that limited category of information is insufficient to protect the highly sensitive and confidential information subject to disclosure, Plaintiffs responded within one day with a counter proposal that defined confidential information as:

> any proprietary information, sensitive business documents or information, confidential research, development or commercial information, information implicating privacy interests (including but not limited to sensitive personal information), and information about the Plaintiffs, their staff members, physicians, and patients, and other sensitive information, including that which could jeopardize the privacy or safety of, or otherwise injure, the staff, physicians, patients, and others associated with Plaintiffs.

---

[9] *See* Plaintiffs Opposition to Defendants' Motion for Expedited Pre-Hearing Discovery (Dkt. No. 33) (July 8, 2019).

[10] *See, e.g., id.* at 12 ("Subject to their objections, and the entry of a protective order, Plaintiffs will identify all May 1, 2016 to April 30, 2019 abortions provided at PPAEO's and LRFP's health centers, along with the name of the providing physician, the point in pregnancy at which the abortion was performed, and the type of procedure provided.").

[11] Email from T. Simeone to Defendants, July 10, 2019 (Ex. 3).

[12] Defendants' Proposed Protective Order attached to Email from V. Wagner to T. Simeone, July 15, 2019 (Ex. 4).

This definition is identical to that which this Court ordered in *Jegley*. *See Planned Parenthood Arkansas & E. Oklahoma v. Jegley*, 2016 WL 7487914, at *4 (E.D. Ark. Feb. 1, 2016) ("[G]iven the record before the Court and the interests and risks involved, the Court agrees that a 'confidential' designation is appropriate and should be available in the protective order for other information about the plaintiffs, their staff members, physicians, and patients; other sensitive information, including that which could jeopardize the privacy or safety of, or otherwise injure, the staff, physicians, patients, and others associated with plaintiffs[.]").

Defendants refused on three purported grounds: (1) because they previously objected to this definition of Confidential Information in *Jegley*[13] (even though this Court did not find those objections persuasive); (ii) it is only "fair" to designate patient-identifying information as confidential[14]; and (iii) the patients have not invoked this Court's jurisdiction.[15]  Defendants cited no law to support their assertion that parties who seek relief in court are not entitled to protect sensitive information that could lead to harm if publicly disclosed, and there is none.  It is widely recognized that highly sensitive information should be disclosed in litigation only subject to a protective order.

***Plaintiffs' Protective Order Affords Necessary Protections***

Plaintiffs' revised protective order, shared with Defendants on July 16[16], provides reasonable and necessary protections to Plaintiffs, their patients, their staff, and other physicians. As this Court knows, Plaintiffs agreed to produce the following categories of expedited pre-

---

[13] Email from V. Wagner to T. Simeone, July 17, 2019 ("The *Jegley* defendants objected to the broad language in that protective order.  (*See* Opp'n to Mot. for Protective Order, DE 35 (*Jegley* Docket).)  And we think similar objections apply here.").

[14] *See id.*

[15] *See id.*

[16] Email from T. Simeone to V. Wagner, July 16, 2019 (Ex. 5).

hearing discovery, which extends far beyond the "patient-identifying information" that Defendants agree to protect:

- A list of all abortions provided between May 1, 2016 and April 30, 2019 at PPAEO and LRFP's health centers, along with the name of the providing physician, at how many weeks of pregnancy the procedure was performed, and the type of procedure provided (Interrogatory No. 1);

- For Drs. Tvedten and Horton, any medical-practice-related lawsuits, medical-practice-related settlements, and any complaints filed with any entity charged with oversight of the medical profession (Interrogatory No. 2);

- All PPAEO and LRFP abortion-care data on which Dr. Lindo relied in drafting his declaration (Interrogatory No. 5);

- What portion (identified as a percentage) of the 2016-2018 services provided by LRFP were abortions, and what portion of the services provided were other medical care (Interrogatory No. 8);

- For 2016-2018, LRFP's number of post-abortion-care annual patient hospital transfers or referrals, and the underlying medical condition associated with each transfer or referral, to the extent that data is available after a reasonable search. (Interrogatory No. 10);

- Any correspondence sent to the Physicians for Reproductive Health list serve from LRFP regarding the need for a board-certified or board-eligible OBGYN to comply with the OBGYN Requirement (RFP No. 2); and

- Any correspondence sent to NAF (but not any follow-up with individual clinicians) regarding the need for a board-certified or board-eligible OBGYN to comply with the OBGYN Requirement. (RFP No. 3).

In sum, Plaintiffs agreed to produce patient health data (which includes much more than just patient names, birth dates, social security numbers, telephone numbers, physical addresses, and email addresses), personal information about physicians who are already subject to intense stigma and harassment because of their work as abortion-care providers[17], and proprietary business information. Plaintiffs cannot produce such information without the ability to designate it confidential. For that reason, Plaintiffs ask the Court to deny Defendants' Renewed Motion

---

[17] *See* Brief in Support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction (Dkt. No. 4) at 23.

6

for Expedited Pre-Hearing Discovery and grant Plaintiffs' Motion for a Protective Order, at which time Plaintiffs are prepared to promptly produce the agreed-upon discovery.[18]

## ARGUMENT

The public's right of access to judicial records is not absolute and the Court may, in its discretion, enter a protective order to protect parties' or individuals' interests. *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The Eighth Circuit has held that protecting the privacy and personal safety of individuals is a sufficient reason for entering a protective order. *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004) (approving a district court's decision to enter a protective order to protect confidential informants from acts of retaliation). Indeed, in cases such as this involving highly sensitive patient health information, the Health Insurance Portability and Accountability Act *requires* that a compliant protective order is entered before any covered information is produced. *See Brown v. Providence Med. Ctr.*, 2011 WL 2259746, at *1 (D. Neb. June 6, 2011) ("Pursuant to the Health Insurance Portability and Accountability Act ('HIPAA'), a health care provider is restricted from providing PHI unless a HIPAA-compliant protective order is entered."). Under Federal Rule of Civil Procedure 26(c), this Court has the authority to enter a protective order that justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c); *see also Murphy v. Kmart Corp.*, 255 F.R.D. 497, 503–04 (D.S.D. 2009) ("Rule 26(c) confers broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.").

Here, justice requires a protective order that allows Plaintiffs to designate as confidential information about Plaintiffs, their staff members, physicians, patients, and other sensitive

---

[18] *See* Plaintiffs' proposed Protective Order (Ex. 2).

information that may jeopardize the privacy or safety of those persons. Defendants have asked for sensitive, identifying information about Plaintiffs' physicians, yet they are unwilling to treat such information as confidential. Plaintiffs have submitted evidence in connection with their Motion for a Temporary Restraining Order and/or Preliminary Injunction that Plaintiffs' physicians and staff have been subject to severe stigma and harassment because they provide abortions.[19] Numerous courts recognize that information that could subject abortion-providers to further harassment requires confidential treatment. *See Planned Parenthood of Kansas and Mid-Missouri v. Lyskowski*, Case No. 2:15-CV04273-NKL, ECF No. 29 (W.D. Mo. Dec. 11, 2015); *Planned Parenthood Southeast, Inc. v. Strange*, 33 F.Supp.3d 1330, 1334 (M.D. Ala.), *as corrected* (Oct. 24, 2014), *supplemented*, 33 F.Supp.3d 1381 (M.D. Ala. 2014), *and amended*, Case No. 2:13cv405-MHT, 2014 WL 5426891 (M.D. Ala. Oct. 24, 2014); *Planned Parenthood of Wis. Inc. v. Van Hollen*, 94 F.Supp.3d 949, 959 n.11 (W.D. Wis.) *aff'd sub nom. Planned Parenthood of Wis., Inc. v. Schimel*, 806 F.Supp. 3d 908 (7th Cir. 2015); *Carhart v. Ashcroft*, 300 F.Supp.2d 921 (D. Neb. 2004).

Defendants also ask for, and Plaintiffs have agreed to provide, patient health information that extends far beyond just patient contact information, as well as proprietary business information about Plaintiffs' efforts to comply with the OBGYN requirement and their abortion care data.[20] Subject to a meaningful protective order, Plaintiffs would produce all of the data underlying their expert Jason Lindo's report (which includes years of abortion-patient information across the state) and the health information of patients who experienced

---

[19] *See supra* n. 17.

[20] *See supra* at 5-6.

complications requiring a hospital transfer.[21]  That type of highly sensitive, private information is routinely given confidential treatment in courts.  *Murphy*, 255 F.R.D. at 503–04 ("When dealing with sensitive or proprietary information, courts routinely grant protective orders that limit who may access the disclosed information and how the disclosed information may be used.").  Defendants' refusal to do so finds no support in the law.

## CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Renewed Motion for Expedited Pre-Hearing Discovery and grant Plaintiffs' protective order, which is attached as Exhibit 2.

Dated: July 18, 2019

Respectfully submitted,

Leah Godesky*
Kelly Scavone*
Attorneys for Plaintiffs
O'Melveny and Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
lgodesky@omm.com
kscavone@omm.com
Tel: (212) 326-2254
Fax: (212) 326-2061

Kendall Turner*
Attorney for Plaintiffs
O'Melveny and Myers LLP
1625 Eye St. NW

---

[21] *See id.*

Washington, DC 20006
(202) 383-5300
kendallturner@omm.com

Taylor Simeone*
Attorney for Plaintiffs
O'Melveny and Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
tsimeone@omm.com
(310) 553-6700

*Attorneys for Plaintiffs*

Meagan Burrows*
Susan Talcott Camp*
American Civil Liberties Union Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
tcamp@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs LRFP and Dr. Thomas Tvedten*

Maithreyi Ratakonda*
Planned Parenthood Federation of America
123 William St., 9th Fl.
New York, NY 10038
mai.ratakonda@ppfa.org
(212) 261-4405

*Attorney for Plaintiffs PPAEO and Dr. Stephanie Ho*

*\* Motion for admission pro hac vice granted*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR  72201
 (501) 920-1764 – Telephone
E-Mail: bettinabrownstein@gmail.com

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs*

Rebecca Rhodes Jackson (AR Bar No. 2017079)
904 West 2nd Street
Little Rock, AR  72201
 (314) 440-6265 – Telephone
E-Mail:  beckywesth@gmail.com

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs LFRP and Dr. Thomas Tvedt*