IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK FAMILY**                                                                         **PLAINTIFFS**
**PLANNING SERVICES,** *et al.*

**v.**                                    **Case No. 4:19-cv-00449 KGB**

**LESLIE RUTLEDGE,** *et al.*                                                      **DEFENDANTS**

## PROTECTIVE ORDER

On July 19, 2019, the Court held a telephonic hearing with the parties to discuss an ongoing dispute among the parties regarding the entry of a protective order (*see* Dkt. Nos. 56, 60). On its own motion and for good cause shown, the Court hereby enters this protective order and orders that:

1. Except as otherwise ordered by this Court, this Protective Order shall govern the handling of all confidential and sensitive documents, testimony, interrogatories, correspondence and any other material or information, whether oral or written, produced, disclosed, or filed by any party or non-party in this action and designated as such in accordance with the terms hereof.

2. "Highly Confidential" information shall refer to the identities, contact information, and hospital and/or private practice affiliation of Little Rock Family Planning Services ("LRFPS") and Planned Parenthood of Arkansas & Eastern Oklahoma ("PPAEO") staff, including prospective and past physicians.[1] Highly Confidential Information shall also refer to the identities, contact information, and hospital and/or private practice affiliation of physicians plaintiffs contacted due to plaintiffs' belief that those physicians might be willing to fulfill the "OBGYN requirement" of

---

[1] Dr. Stephanie Ho and Dr. Thomas Tvedten are named plaintiffs in this matter, and thus their names are not subject to the "Highly Confidential" restrictions in this Protective Order. However, the contact information of Dr. Ho and Dr. Tvedten are subject to the terms of this Protective Order.

Section 1 of Act 700 of 2019, to be codified at Arkansas Code Annotated § 20-16-605. Parties may assign pseudonyms to individuals whose identities are protected as "Highly Confidential," in anticipation of upcoming depositions, hearings, or other such proceedings.

3. "Confidential" information shall mean any other information about the plaintiffs, their staff members, physicians, and patients, and other sensitive information, including that which could jeopardize the privacy or safety of, or otherwise injure, the staff, physicians, patients, and others associated with plaintiffs. Confidential Information may also include other information that constitutes confidential information under the Federal Rules of Civil Procedure and/or applicable laws or regulations including U.S. and state privacy, data protection, or secrecy laws, including but not limited to, any proprietary information, sensitive business documents or information, confidential research, development or commercial information, and information implicating privacy interests, including but not limited to sensitive personal information.

4. It shall be the obligation of the parties to mark as "Confidential" or "Highly Confidential" any documents or interrogatory responses provided in discovery which a party believes to contain Confidential or Highly Confidential Information. However, the failure to designate correctly any Confidential or Highly Confidential Information produced does not waive the protection otherwise attaching to the Confidential or Highly Confidential Information. Upon a party's discovery that particular information was incorrectly designated, or not designated, as Confidential or Highly Confidential, that party shall promptly provide notice to counsel for the other party. The party shall then have ten (10) calendar days in which to designate or redesignate the information as Confidential or Highly Confidential. In the interim, the information may not be used in a manner inconsistent with this Order and any person who or entity that received the Confidential or Highly Confidential Information shall sign the certification attached as Exhibit A

in accordance with the terms of paragraph 12 of this Order.

5. If the receiving party wishes to challenge the designation of a document, thing, or other discovery as Confidential or Highly Confidential, the receiving party shall notify the producing party in writing within fourteen (14) days. The parties will make good faith efforts to resolve any disputes that may arise under this paragraph. If the parties cannot agree, the producing party must seek relief from the Court.

6. If a deposition requires the disclosure of Confidential or Highly Confidential Information, the deposition or portions thereof shall be designated as "Confidential" or "Highly Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made within ten (10) days after notice by the court reporter of the completion of the transcript. In the interim, the information may not be used in a manner inconsistent with this Order.

7. Confidential or Highly Confidential Information and any documents containing Confidential or Highly Confidential Information may be used or disclosed solely for the purpose of the preparation and trial of this case, with the exception that a producing party may disclose or produce its own Highly Confidential Information and Confidential Information to any person or government agencies without a request or subpoena therefore without violating any term of this Order provided that any such disclosure to any person or government agency is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

8. Any party that receives Confidential Information through this action shall disclose the Confidential Information only to the following persons ("Authorized Person(s)"):

    a. the parties to this action, as well as employees of the parties, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

b. attorneys in the offices of counsel of record who are actively working on this case, as well as paralegals, clerical staff, and other assistants, whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

c. expert witnesses who may present evidence under Federal Rule of Evidence 702, 703, or 705 and consultants or non-testifying expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; and

d. the Court and any court personnel necessary to facilitate this litigation, including court reporters and clerical and administrative staff.

9. In the event any counsel of record determines that persons other than Authorized Persons (identified in Paragraph 8 above) need to review any Confidential Information, written authorization of opposing counsel must be obtained in advance of such disclosure. Should counsel refuse such authorization, the party objecting to the sharing of Confidential Information with persons other than Authorized Persons may apply to the Court to prohibit such authorization. Court authorization is required before any such disclosure is made to persons other than Authorized Persons.

10. Any party that receives Highly Confidential Information through this action shall disclose the Highly Confidential Information only to the following persons ("Authorized Person(s)"):

a. attorneys in the offices of counsel of record who are actively working on this case, as well as paralegals, clerical staff, and other assistants, whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in

    this case; and

    b. the Court and any court personnel necessary to facilitate this litigation, including court reporters and clerical and administrative staff.

  11. In the event any counsel of record determines that (1) any employee(s) of a party who will be testifying in this case or (2) any expert witness who may present evidence under Federal Rule of Evidence 702, 703, or 705 retained in connection with this proceeding or (3) any consultant or non-testifying expert witnesses retained in connection with this proceeding needs to review any Highly Confidential Information, counsel will notify opposing counsel of the need for the disclosure through a written explanation of why Highly Confidential Information should be disclosed in this manner.  Counsel may challenge the appropriateness of such proposed disclosure of Highly Confidential Information within five (5) business days.  Should counsel challenge the appropriateness of such proposed disclosure of Highly Confidential Information, the party challenging the appropriateness of such proposed disclosure of Highly Confidential Information may apply to the Court to prohibit the disclosure.  If disclosure is challenged in accord with the terms of this Protective Order, Court authorization is required before any such proposed disclosure of Highly Confidential Information is made.

  12. It shall be the responsibility of counsel to bring this Order to the attention of all individuals to whom Highly Confidential Information or Confidential Information is disclosed and to ensure that all such persons comply with the terms of this Order.  Any persons to whom Highly Confidential Information is disclosed shall be furnished with a copy of this Protective Order, and a copy of the Declaration in the form of "Attachment A" to this Order, which that person shall read and sign.  Any persons to whom Confidential Information is disclosed shall be furnished with a copy of this Protective Order, and a copy of the Declaration in the form of "Attachment A" to this

Order, which that person shall read and sign. Counsel are obligated to retain timely executed copies of the Declarations and, upon request by the Court, to produce to the Court for examination *in camera*, *ex parte*, and under seal the timely executed Declarations.

13. If a party discloses Confidential or Highly Confidential information in a manner not authorized herein, the party must immediately and in writing notify the producing party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure.

14. In the event that there is an inadvertent production of material protected by the attorney-client privilege or the work product doctrine or other privilege or immunity from discovery, such production will not, and will not be deemed to, waive any privileges or protections applicable to such inadvertently produced material or to any other documents or communications that would otherwise be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity from discovery, unless determined by the Court under existing law. A party may request the return of any material claimed to be inadvertently produced privileged material. Upon such request, the material shall be returned and logged on a privilege log. After such logging, challenges to the assertion of the privilege may be made. If a party requests the return of any material pursuant to this paragraph, the party in custody of the material shall immediately return to the requesting party all copies of the material or destroy it. If the material is produced via a hard drive or in another electronic form, such that it cannot be detached for return or definitively erased or destroyed, the recipient shall refrain from reviewing or using the material in any way, pending the logging of the material on a privilege log and the resolution of any challenges to the assertion of the privilege. The party returning such material shall not assert as a ground for entering an order compelling production of privileged material the fact or circumstances of the inadvertent

production.

15. No Confidential or Highly Confidential Information shall be included in any document that is publicly filed in this litigation. Such information shall either be redacted or the entire document shall be filed under seal, meaning filed only manually on paper in a sealed envelope with a cover sheet containing: (1) the case caption; (2) the name of the document if it can be disclosed publicly (otherwise an appropriate title by which the document may be identified on the public docket); (3) the name, address, and telephone number of the person filing the document; and (4) the legend "Filed Under Seal Pursuant To Protective Order."

16. Confidential and Highly Confidential Information shall not become a part of the public record except upon the written consent of the party or person supplying the information or unless so ordered by this Court.

17. The duty to keep confidential any Confidential or Highly Confidential Information or documents designated as containing Confidential or Highly Confidential Information survives the completion of this case. At the conclusion of this case, the Confidential or Highly Confidential Information provided by any party—except for any sealed portions or any depositions and any documents filed under seal with the Court or any appellate court—shall be destroyed or returned to the entity who produced them within sixty (60) days of the conclusion of the final proceeding in this litigation. Any Confidential or Highly Confidential Information in the custody of counsel or the parties which is modified to reflect attorney work product or attorney client communication shall be destroyed by counsel, rather than returned to the providing party, and counsel shall certify in written correspondence provided within sixty (60) days of the conclusion of the final proceeding in this litigation that any such documents have been destroyed.

18. Nothing in this Order shall prejudice the right of any party to contest the alleged

relevancy, admissibility, or discoverability of any information sought.

19. Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein. Nor does anything in this Order prevent any party or entity from seeking further protection for Confidential or Highly Confidential Information or documents containing Confidential or Highly Confidential Information.

20. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" or "Highly Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

21. The termination of this litigation shall not relieve any person or party that has received Confidential or Highly Confidential Information of his, her, or its obligations under this Order.

22. Each person who or entity that receives or produces any designated information hereby agrees to subject himself, herself, or itself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order.

SO ORDERED this 19th day of July 2019.

_____
Kristine G. Baker
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LITTLE ROCK FAMILY**                                        **PLAINTIFFS**
**PLANNING SERVICES,** *et al.*

**v.**                          **Case No. 4:19-cv-00449 KGB**

**LESLIE RUTLEDGE,** *et al.*                                      **DEFENDANTS**

**DECLARATION − ATTACHMENT A**

The undersigned agrees as follows:

1. I have received a copy of the Protective Order entered by the Court in the above-captioned case.

2. I have reviewed the Protective Order and hereby agree to be bound by its terms and provisions.

3. I agree to be subject to the jurisdiction of this Court for enforcement of the Protective Order.

Dated: _____

                                           Name: _____

                                           Signature: _____