# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LESLIE RUTLEDGE, in her official capacity as Attorney General of the State of Arkansas, et al.,<br><br>                    Defendants. | CIVIL ACTION<br><br>Case No. 4:19-cv-00449-KGB<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER ENFORCING PLAINTIFFS' CONFIDENTIALITY DESIGNATIONS AND IMPOSING SANCTIONS** |

## INTRODUCTION[1]

Defendants' latest gambit is beyond the pale.  At close of business on Friday evening, Defendants notified Plaintiffs that ***unless Plaintiffs convince Defendants by noon today that the patient data Plaintiffs have designated confidential warrants continued protection, Defendants will publicly file the information on the docket at noon CST***.  This bad-faith and unprofessional threat is a blatant violation of the Protective Order, especially stunning coming from government officials representing the State of Arkansas and various agencies and departments.  Given Defendants' imminent threat to release patient-care information that Plaintiffs are obligated to keep confidential, Plaintiffs are forced to bring this motion for emergency relief.

Defendants have long made known their view that data reflecting detailed information about women who have historically sought abortion care in this State is not confidential.  But over Defendants (unfounded) objection, the Court entered a protective order on July 19, 2019 that permits Plaintiffs to designate abortion-care patient data confidential.  When Defendants projected that data on a public screen in the courtroom only days later, the Court directed Defendants to immediately take it down, consistent with the terms of the protective order.  At the time, Plaintiffs chalked up the courtroom violation to an inadvertent disclosure, the product of ill preparation rather than bad intent.  But Defendants' Friday-night declaration that they intend to circumvent the protective order wholesale and publicly file patient data on the docket, unless Plaintiffs convince them otherwise over a weekend, reeks of bad faith and reasonably gives Plaintiffs great pause regarding the propriety of permitting Defendants to retain this information, and receive additional, similar patient information on a going-forward basis.  There is no public interest in this information that is sufficient to overcome patient confidentiality concerns, and it

---

[1] Unless otherwise indicated, all internal quotations and citations are omitted and all emphasis is added.

appears that Defendants seek to disclose the data publicly only to put women on notice that they may not confidentially seek abortion care in this State.

Plaintiffs respectfully request that the Court order that the patient information at issue (i) is properly designated confidential and shall remain such, or (ii) Plaintiffs have until August 5, 2019 to file a motion for a protective order prohibiting public disclosure of the information, and Defendants must keep the data confidential in the meantime.  Plaintiffs also request that the Court expressly admonish Defendants for their conduct, and require Defendants to pay all costs associated with this motion for emergency relief.  If Defendants execute in the meantime their threat of publicly filing the patient-care data on the public docket, Plaintiffs reserve all rights, including the right to seek civil-contempt sanctions under Federal Rule of Civil Procedure 37.

## BACKGROUND

### Defendants Unreasonably Object To Plaintiffs' Effort To Designate Physician and Patient Data Confidential

As detailed for the Court in prior motion practice (*see* Dkt. Nos. 56, 60), a dispute arose between the parties before the July 22, 2019 hearing regarding the need for a Protective Order. The dispute centered in large part over Defendants' unreasonable insistence that no documents or information be designated confidential, other than the narrow universe of "patient names, birth dates, social security numbers, telephone numbers, physical addresses, and email addresses." Dkt. No. 60.

During a July 19 telephonic-court hearing, Defendants attempted to defend their unduly narrow view that patient information is not confidential, if it does not contain the patients' name or other contact information.  Specifically, Defendants argued that they are entitled to receive the LRFP and PPAEO patient data on which Plaintiffs' expert Dr. Jason Lindo relied without a confidentiality designation, because Dr. Lindo used data reflecting only the patients' "county of

2

residence, where the abortion took place, the gestational age of [the pregnancy], the procedure used … and the practitioner."[2]  Defendants argued that of "these five points, none … are personally identifiable information."[3]  Plaintiffs responded that they were "willing and able to turn … over [the data] as soon as [they] have the assurance that it will be kept confidential, because … information relating to patients' procedure dates, the counties that these women are coming from and the types of procedures that they are undergoing are absolutely required to be protected."[4]

The Court ruled from the bench, and stated that it anticipated "enter[ing] a confidentiality and protective order very similar to the one done in *Jegley*," which would "govern the parties conduct in the discovery until [the Court] reconsider[s] or issue[s] a different ruling."[5]

### The Court Enters A Protective Order Covering Physician and Patient Data Over Defendants' Objection.

Later on July 19, the Court entered a Protective Order under which Plaintiffs may properly designate physician and patient-information confidential.  *See* Dkt. No. 69.   The Protective Order states that (i) "'Highly Confidential' information shall refer to the identities, contact information, and hospital and/or private practice affiliation of [Plaintiffs'] staff, including prospective and past physicians"; and (ii) "'Confidential' information shall mean *any other information about the plaintiffs, their staff members, physicians, and patients*, and other sensitive information."  *Id.* ¶¶ 2-3.  The Protective Order's procedure for challenging confidentiality designations requires "*good faith efforts* to resolve any disputes."  *Id.* ¶ 5.  In

---

[2] July 19, 2019 Tr. at 4-5.

[3] *Id.* at 5.

[4] *Id.* at 5-6.

[5] *Id.* at 10.

circumstances where "the parties cannot agree, the producing party must seek relief from the Court." *Id.* In the meantime, however, "Confidential and Highly Confidential Information ***shall not become a part of the public record except upon the written consent of the party or person supplying the information or unless so ordered by this Court*.*" Id.* ¶ 16.

Later that day and over the weekend before the July 22 hearing, Plaintiffs produced six spreadsheets in PDF and Excel format to Defendants containing confidential LRFP and PPAEO patient information detailing, on a patient-by-patient basis, the date on which each patient obtained an abortion, the county in which she lives, the procedure she obtained, her specific point in pregnancy, and her treating physician (together, the "Confidential Patient Data"). Plaintiffs designated all the spreadsheets "Confidential" under the Protective Order.

***Defendants Disclose Confidential Information***
***Multiple Times During the July 22, 2019 Hearing.***

Defendants violated the Protective Order twice during the July 22 hearing. During the cross-examination of Plaintiffs' witness and LRFP physician Dr. Fred Hopkins, Defendants posted to the public screen Dr. Hopkins' medical-licensure application containing his personal contact information, and the Court ordered that it immediately be redacted before it was used again.[6] Later that day, during the cross-examination of Dr. Lindo, Defendants posted to the courtroom screen the Confidential Patient Data. When Plaintiffs' counsel asked that it be removed immediately "because it has county level [patient data]," the Court directed Defendants to "take it down."[7]

---

[6] July 22, 2019 Tr. at 39-40 ("My direction is going to be that - this is not redacted. It needs to come off the ELMO …. [T]his has personal identifying information on it that's now being flashed around the courtroom. That's one of the local standing rules. In addition is my protective order.").

[7] *Id.* at 131-132.

***Defendants Threaten Plaintiffs With Public Disclosure***
***Of Their Patients' Confidential Information.***

At 4:55pm CST on Friday, July 26, Defendants sent Plaintiffs a "Notice of Challenge of Designation as Confidential."[8]  The Notice states that Defendants believe the Confidential Patient Data "does not qualify as confidential under the terms of the Court's Protective Order," and threatens that "***[a]bsent an adequate explanation from Plaintiffs and an agreement of the parties no later than Noon Central Time on Monday, July 29, 2019 … Defendants will consider Plaintiffs' confidentiality claims waived and file these exhibits on the public docket***."[9] Defendants attempt to justify their threat by noting that Plaintiffs recently "filed on the public docket abortion data for each Arkansas county, including information concerning the type of procedure performed."[10]

## ARGUMENT

I.   **THE COURT SHOULD ORDER THAT THE CONFIDENTIAL PATIENT DATA SHALL REMAIN CONFIDENTIAL.**

In cases involving sensitive patient-health information, the Health Insurance Portability and Accountability Act requires that a sufficient protective order is entered before any covered information is produced in discovery.  *See Brown v. Providence Med. Ctr.*, 2011 WL 2259746, at *1 (D. Neb. Jun. 6, 2011) ("Pursuant to the Health Insurance Portability and Accountability Act ('HIPPA'), a health care provider is restricted from providing PHI unless a HIPPA-compliant protective order is entered").  In addition to that, Federal Rule of Civil Procedure 26(c) grants

---

[8] Ex. 1.

[9] *Id.* at 2.

[10] *Id.* at 1.

courts the authority "to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c).

The Confidential Patient Data is, on its face, properly kept confidential during this litigation. Even though it does not contain patient names or contact information, the patient-by-patient information contained in the spreadsheets (i.e., procedure date, point in pregnancy, and county of residence) is sufficiently detailed that it could be used to identify LRFP's and PPAEO's specific abortion patients. Defendants' reference in their Notice to Plaintiffs' recent filing of *other* abortion-care data (*see* Dkt. No. 82) is not compelling and does nothing to excuse Defendants' actions here. The data referenced by Defendants is similar to the data summarized in Dr. Lindo's report, which Plaintiffs have *not* sought to keep confidential. That is because the publicly filed data, unlike the Confidential Patient Data, merely aggregates county-level abortion data over a large period of time (the Confidential Patient data, on the other hand, details on a patient-by-patient basis the date of the procedure and county of residence). Moreover, the data that Defendants reference had already been publicly filed by the *Jegley* defendants.

Defendants do not even attempt to identify a public interest in the Confidential Patient Data that would overcome LRFP's and PPAEO's individual patients' strong and federally protected interest in maintaining the confidentiality of their medical history. That is because they cannot, and there is simply no legitimate reason why the public would need to review such detailed patient-care data. *See, e.g.*, *Willis Electric Co., Ltd. v. Polygroup Ltd. (Macao Commercial Offshore)*, 2018 WL 5017921, at *1 (D. Minn. Oct. 16, 2018) (finding "public interest in the right of access does not outweigh [party's] interest in the confidentiality of" documents party sought to keep under seal).

6

II.     **THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFFS' FEES AND COSTS IN CONNECTION WITH THIS EMERGENCY MOTION.**

Federal Rule of Civil Procedure 37 vests courts with substantial authority to sanction parties who disobey a discovery order.  *See* Fed. R. Civ. P. 37(2)(A).  Among the sanctions contemplated by Rule 37 are (i) "prohibiting the disobedient party from … introducing designated matters in evidence," and (ii) "treating as contempt of court the failure to obey any order."  Courts routinely impose sanctions for even ***inadvertent*** violations of protective orders. *See*, *e.g.*, *U.S. ex rel. Johnson v. Golden Gate Nat. Sr. Care, LLC*, 2013 WL 1182905, at *7 (D. Minn. Mar. 21, 2013) (imposing monetary sanctions for inadvertent protective-order violations); *Schwartz Pharma, Inc. v. Paddock Laboratories, Inc.*, 2007 WL 4436875, at *1 (D. Minn. Dec. 17, 2007) (recounting magistrate judge's imposition of discovery sanctions for violating "protective order by failing to adequately protect confidential information from disclosure to unauthorized parties"); *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (upholding district court's decision to dismiss case based on willful and unexcused protective-order violations).

Sanctions against the Defendants are absolutely warranted here.  Defendants failed to treat confidential physician and patient data with due care during the July 22 hearing, resulting in two violations of the Protective Order.  *See supra* 4.  Defendants' latest public-disclosure threat is a willful violation of the Protective Order's requirement that all challenges to confidentiality designations be conducted in good faith, and assurance that information designated confidential "shall not become a party of the public record except upon the written consent of the party or person supplying the information or unless so ordered by this Court."  *Supra* 4.  Moreover, Defendants strategically deployed their threat at close of business on a Friday evening, and unreasonably demanded a response less than one business day later.  *See supra* 5.  This conduct

should not be countenanced, because it places at risk the confidentiality of women who depend on LRFP and PPAEO to maintain the privacy of their medical treatment.  At a minimum, Defendants should be required to pay all costs associated with this motion, with an express admonishment from the Court regarding their conduct.  Plaintiffs further suggest that additional restrictions be placed on Defendants' ability to receive and use additional patient-care data in the future, and Plaintiffs reserve their right to seek civil-contempt sanctions, if Defendants disclose this data before the Court rules on this motion for emergency relief.

## CONCLUSION

For all the reasons stated above, Plaintiffs request that the Court order that (i) the Confidential Patient Data is, on its face, properly designated confidential and shall remain such, or (ii) Plaintiffs have until noon CST on August 5, 2019 to file a motion for a protective order, and the Patient Data shall remain confidential in the meantime.  Plaintiffs further request that the Court expressly admonish Defendants for their conduct, and order Defendants to pay all costs and fees associated with this motion, which was necessitated solely by Defendants' bad-faith conduct and disregard for the Protective Order.  If Defendants execute their threat of publicly filing the patient-care data on the public docket in the meantime, Plaintiffs reserve all rights, including the right to seek civil-contempt sanctions under Federal Rule of Civil Procedure 37.

Dated: July 29, 2019

Respectfully submitted,

Leah Godesky*
Kelly Scavone*
Attorneys for Plaintiffs
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
lgodesky@omm.com
kscavone@omm.com
Tel: (212) 326-2254

Fax: (212) 326-2061

Kendall Turner*
Attorney for Plaintiffs
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com

Taylor Simeone*
Attorney for Plaintiffs
O'Melveny & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
tsimeone@omm.com
(310) 553-6700

Meagan Burrows*
Susan Talcott Camp*
American Civil Liberties Union
Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
tcamp@aclu.org
(212) 549-2633
*Attorneys for Plaintiffs LRFP and Dr. Thomas Tvedten*

Maithreyi Ratakonda*
Planned Parenthood Federation of America
123 William St., 9th Fl.
New York, NY 10038
mai.ratakonda@ppfa.org
(212) 261-4405

*Attorney for Plaintiffs PPAEO and Dr. Stephanie Ho*

*\* Motion for admission pro hac vice granted*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR  72201
 (501) 920-1764 – Telephone
bettinabrownstein@gmail.com

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs*

Rebecca Rhodes Jackson (AR Bar No. 2017079)
904 West 2nd Street
Little Rock, AR  72201
 (314) 440-6265 – Telephone
beckywesth@gmail.com

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs LRFP and Dr. Thomas Tvedt*