# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**LITTLE ROCK FAMILY**        **PLAINTIFFS**
**PLANNING SERVICES**, *et al.*,

**v.**        **Case No. 4:19-cv-00449-KGB**

**LESLIE RUTLEDGE, in her**
**official capacity as Attorney General**
**of the State of Arkansas**, *et al.*,        **DEFENDANTS**

## ORDER

At the hearing on July 22, 2019, defendants moved the Court to consider all the exhibits in

*Planned Parenthood Arkansas and Eastern Oklahoma v. Jegley*, Case No. 4:15-cv-00784-KGB

("*Jegley*"), as part of the record in this matter. Plaintiffs objected to this request, and the Court

informed the parties that it would rule on this matter separately.[1] For the reasons set forth below,

the Court declines to incorporate all the exhibits from *Jegley* into the record in this case.

### I.    Background

For clarity's sake, the Court will recount the various arguments made regarding the

relationship between this case and *Jegley*. First, plaintiffs filed along with their motion for

temporary restraining order and/or preliminary injunction a motion for expedited consolidation or,

---

[1] At the conclusion of the hearing, plaintiffs objected to defendants' request to introduce as a hearing exhibit in this matter the entire record from *Jegley* on the basis that defendants failed to refer to, or move to introduce, any specific portions of that record in response to plaintiffs' motion for temporary restraining order and/or preliminary injunction here. In this Court's Order on the motion for temporary restraining order, the Court observed that plaintiffs generally are correct and that defendants did not point to any specific evidence in the *Jegley* record that they wished for the Court to consider. The Court further observed that it is not obligated to hunt through the record to find evidence that supports defendants' positions. *U.S. v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) (citing *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Therefore, in that Order, the Court directed defendants to cite the Court to specific portions of the *Jegley* record, if defendants intended for the Court to consider those portions of the record in ruling on the current motion. This Order is consistent with that direction.

in the alternative, to give notice of a related case (Dkt. No. 3). In that motion, plaintiffs represented that "consolidation or an order deeming the cases related is warranted here because (i) the two litigations involve a common set of factual and legal issues, (ii) there are overlapping discovery issues and witnesses, and (iii) consolidation would avoid the risk of inefficient or inconsistent rulings." (Dkt. No. 3, at 2). United States District Court Judge Billy Roy Wilson granted plaintiffs' motion and transferred the present matter (Dkt. No. 14).

Defendants filed an "expedited motion to reconsider *ex parte* consolidation order." (Dkt. No. 22). In support of their motion, defendants argued that "it is clear that the claims in this case and *Jegley* have nothing to do with one another." (Dkt. No. 23, at 1). Defendants also argued that "the usefulness of *Jegley*'s discovery in this case is called into question by PPAEO's own representations to the Court in seeking dismissal of *Jegley* without prejudice." (*Id*., at 4). This Court concluded that, since the evidence and issues raised in this case and *Jegley* significantly overlap, it would not reconsider the transfer (Dkt. No. 26, at 5).

At the July 22, 2019, hearing, defendants took the position that the entire record in *Jegley* is relevant to this case and moved to submit that record in its entirety as an exhibit at the hearing, arguing that plaintiffs' prior "misrepresentations" in *Jegley* call into question plaintiffs' credibility. Plaintiffs retorted that consolidation of this case and *Jegley*, by itself, does not support incorporation of *Jegley*'s entire record into this case, and plaintiffs also pointed out that defendants did not reference exactly which parts of the *Jegley* record they wished to be considered.

Finally, in defendants' latest motion for expedited preliminary-injunction-proceeding discovery, defendants state that, if the Court does not allow expedited discovery in this case, the parties intend to conduct discovery in *Jegley* (Dkt. No. 86, at 3). In support of this argument, defendants dropped a footnote in which they argue that, if the Court were to adopt the voluntary

dismissal to which they are unopposed in that case, then the factual findings in *Jegley* "would be rendered null upon dismissal." (*Id*., n.3 (citing *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977)). Defendants also assert that "it does not appear that the Court will grant that motion . . . given its reliance upon numerous factual findings in [*Jegley*] . . . ." (*Id*.).

## II.    Discussion

The Court declines to wholesale incorporate the record from *Jegley* into this case. First, the Court's temporary restraining order in this case does not specifically rely upon record evidence from *Jegley* (Dkt. No. 83). While this Court's latest temporary restraining order cites language from its second preliminary injunction order in *Jegley*, nowhere does the temporary restraining order incorporate any factual findings from *Jegley*. Instead, in the temporary restraining order, this Court quoted language from *Jegley* to describe the outcome and procedural disposition of that case (*Id*., at 125-26). Specifically, this Court noted that the current "floor of care" in Arkansas differs since Section 1504(d) of Arkansas Act 577 imposes a "contracted physician" requirement upon medication abortions but not surgical ones (*Id*., at 126). This Court's conclusion is a straightforward description of governing statutory law in Arkansas, not a "reliance on numerous factual findings" from *Jegley*. Curiously, despite making this claim, defendants cite no specific factual findings from this Court's Order in the current case that are or depend on a factual finding from *Jegley*.

Second, defendants have cited no authority to support their position that the transfer from Judge Wilson to this Court automatically incorporates the records from both cases into one another. As the Court noted in its Order denying reconsideration of that transfer, the transfer was proper either as a related case designation or as a consolidation under Rule 42 of the Federal Rules of Civil Procedure. The Eighth Circuit Court of Appeals has held that "each suit retains its individual

3

nature" when "[the consolidation is] an arrangement for joint proceedings and hearings, for convenience . . . ." *Tri-State Hotels, Inc. v. F.D.I.C.*, 79 F.3d 707, 711 (8th Cir. 1996) (alterations in original) (quoting *Mendel v. Prod. Credit Ass'n of the Midlands*, 862 F.2d 180, 182 (8th Cir. 1988)) (holding that, where consolidation had occurred, lack of finality in one case did not preclude an appeal in the other since the two cases had not been "formally merged for all purposes"). To the extent this case and *Jegley* have been consolidated under Rule 42, the Court has not "formally merged" these cases for all purposes. *Id.* Thus, this Court determines at this stage of the proceeding that the record from *Jegley* is not automatically incorporated into this case.

Finally, the Court addresses defendants' argument that this Court should not dismiss *Jegley* because the Court relied upon factual findings in *Jegley* and because dismissal of *Jegley* would render the findings in that case a "nullity." In the first instance, the case cited by defendants, *In re Piper Aircraft*, is inapposite. There, two cases were consolidated, and in one of those cases a Southern District of Florida district court denied class certification. 551 F.2d at 216 n.5. That case was then voluntarily dismissed. *Id.* at 216. A district court in the Western District of Missouri then considered the question of class certification and held that the Florida district court's decision was conclusive. *Id.* at 219. The Eighth Circuit reversed, holding that the Florida decision had no collateral effect because "[t]he effect of a voluntary dismissal without prejudice is to render the proceedings as a nullity and leave the parties as if the action had never been brought." *Id.* (citations omitted). Further, as discussed above, nothing in this Court's latest temporary restraining order suggests that the Court's holding was compelled by any holding or factual finding in *Jegley*. Thus, to the extent *Jegley* might be rendered a "nullity" if the Court adopts the pending unopposed motion to dismiss in that case, the Court disagrees that its rationale for the temporary restraining order in the current case will be undermined.

With all of that said, the Court does not foreclose the possibility of incorporating specific parts of the *Jegley* record into this case at this stage of the proceedings. However, the Court is not obligated to hunt through the record to find evidence that supports either sides' positions. *Stuckey*, 255 F.3d at 531 (citing *Dunkel*, 927 F.2d at 956). Therefore, defendants if they wish, or plaintiffs if they wish, must point to specific segments of the record in *Jegley* that they believe should be incorporated here and considered by the Court as relevant to the arguments the parties are making in this case.

Further, the Court at this point in the litigation takes no position on whether to merge these two cases for all purposes at some point in the litigation, *see Tri-State Hotels, Inc.*, 79 F.3d at 711, but the Court will not do so without first receiving briefing from all parties on the issue. The Court also notes that neither party has withdrawn its support for the motion to dismiss pending in *Jegley*. At this stage, the Court focuses the parties' attention on designating portions of the record in *Jegley* for this Court to consider, if they choose to do so, and addressing the merits of the plaintiffs' motion for preliminary injunction currently pending before the Court.

The Court has under advisement defendants' motion for expedited preliminary-injunction-proceeding discovery (Dkt. No. 86) and will issue a ruling on that motion by separate Order.

So ordered this 29th day of July 2019.

_____
Kristine G. Baker
United States District Judge