IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK FAMILY PLANNING SERVICES,** *et al.*,  PLAINTIFFS,

v.  Case No. 4:19-cv-00449-KGB

**LESLIE RUTLEDGE,** in her official capacity as
Attorney General of the State of Arkansas, *et al.*,  DEFENDANTS.

### DEFENDANTS' REQUEST FOR PRELIMINARY-INJUNCTION HEARING

Defendants request a hearing to present additional evidence and address multiple substantive legal errors in this Court's order granting a temporary restraining order.

### BACKGROUND

On July 22, 2019, this Court held an abbreviated evidentiary hearing on Plaintiffs' belated motion for a temporary restraining order/preliminary injunction. This Court limited Defendants' presentation of evidence and cross-examination to just three hours. *See* July 22, 2019 Trans. at 5-6. The day after that hearing, Plaintiffs' avowed expert Jason Lindo filed a declaration changing his testimony for at least a *fourth* time and asserting that—contrary to Plaintiffs' repeated representations—Defendants had not been given the data that supposedly formed the basis for his testimony. DE 79-1 at ¶ 2. In fact, Plaintiffs now apparently concede that the data that they provided Defendants was inaccurate and differed from what was provided to Lindo. *See id.* at ¶ 3. Defendants, therefore, moved to strike Lindo's testimony because Defendants have been denied access to the data that Lindo supposedly relied upon. *See* DE 80. Consequently, Defendants have been denied any opportunity to question Lindo about his shifting representations or examine the data he purports to cite.

Nor have Defendants been given any opportunity to verify Plaintiffs' bald, self-serving assertion that the error was harmless. *See* DE 82. In fact, given Plaintiffs' conduct—which

included sending data in a format specially created for production that could not be text-recognized after 11:00 PM on Friday, July 19, 2019 and only sending the latest inaccurate data a day later—Defendants cannot be required to assume Plaintiffs' representations about duplication errors are correct. *See* DE 80 at 2-3 (describing Plaintiffs' decision not to supply incomplete data until after 11:00 PM and later supply apparently inaccurate other data). To the contrary, Defendants are entitled to explore those representations. Defendants' own expert witness must also be given an opportunity to examine *whichever* version of the data that Lindo *now* claims to have relied upon to form his opinions and address it.

Moreover, due to the compressed schedule, Defendants opted not to duplicate the record from the consolidated case in *Planned Parenthood of Arkansas and Eastern Oklahoma v. Jegley*, No. 4:15-cv-00784, and requested this Court consider the record in that case. Indeed, as Defendants explained at the July 22 hearing, during that proceeding representatives of both Little Rock Family Planning and Planned Parenthood of Arkansas and Eastern Oklahoma testified that they could not possibly comply with Arkansas's contract-physician requirement. *See* July 22, 2019 Tr. at 297. But following Arkansas's subsequent appeal, both notified this Court that they could comply—and they did. Plaintiffs' previous—conceded—misrepresentations about their ability to comply with Arkansas law go directly to the credibility of Plaintiffs' latest claim that they cannot possibly comply with Arkansas's requirement that abortion practitioners be board-certified or eligible OB/GYNs. *See id.* Yet despite Arkansas's specific reference to relevant testimony from the *Jelgey* record, subsequent to the hearing, this Court issued an order rejecting Defendants' request to incorporate that evidence on the grounds that "defendants did not point to any specific evidence in the *Jegley* record that they wished for the Court to consider." DE 94 at 1 n.1.

Additionally, due to the truncated nature of this Court's earlier hearing, Defendants were not given an opportunity to explore PPAEO's plans for its expanded Little Rock abortion facility. For instance, Defendants had no opportunity to examine why PPAEO claims it cannot provide surgical abortions at that facility or explore its capacity. Nor have Defendants had an opportunity to explore PPAEO's decision to cease its Fayetteville operations or its efforts to locate another facility. Indeed, at a minimum, Defendants are entitled to explore when Plaintiffs made that decision and why. Likewise, Defendants have been given no opportunity to challenge Plaintiffs' claims concerning the availability of out-of-state affiliated providers. And those concerns led Defendants to seek permission to conduct discovery from PPAEO. *See* DE 86. Plaintiffs have opposed that request.

**ARGUMENT**

Good cause exists for a preliminary injunction hearing because Defendants have consistently been denied an opportunity to examine Plaintiffs' evolving claims. For instance, as set forth above, Lindo has shifted his testimony on multiple occasions and Defendants have not been permitted to examine his *latest* opinions. Nor—despite Plaintiffs' numerous representations that they would provide it to Defendants—have Plaintiffs ever provided the data that Lindo purportedly relied upon to Defendants. Defendants are entitled to explore Lindo's shifting opinions and representations.

Likewise, given this Court's ruling excluding Plaintiffs' inconsistent testimony from *Jegley*, Defendants are entitled to question them concerning their current claims that they cannot comply with an Arkansas health and safety regulation. At a minimum, for instance, in light of this Court's decision, Defendants seek to question Lori Williams and a representative from PPAEO.

Moreover, if this Court denies Defendants' request for discovery from the PPAEO Plaintiffs (or excludes deposition testimony), it will be necessary for Defendants to call witnesses concerning PPAEO's new abortion facility and its decision to cease operations in Fayetteville. In fact, given Plaintiffs' delayed notice of their decision to cease operations, see DE 32 (notifying Court of Plaintiffs' decision 10 days after Plaintiffs filed complaint), it was also impractical to identify an appropriate witness or cross-examine those representations in advance of the July 22 hearing.

Additionally, Defendants believe that a hearing is warranted to address multiple legal errors in this Court's order granting a temporary restraining order. This Court's order, for instance, fails to apply Eighth Circuit and Supreme Court precedent concerning the undue burden test and the large fraction test. Because those errors cannot form the basis of preliminary relief, Defendants seek to address them at an evidentiary hearing.

Further, additional hearing testimony may be necessary if this Court were to exclude declarations or other evidence filed in connection with the briefing the parties have been ordered to file tomorrow and Thursday. *See* DE 88.

## CONCLUSION

For the foregoing reasons, Defendants request a hearing on Plaintiffs' motion. Defendants request that hearing take place before the expiration of this Court's TRO order, and Defendants oppose any extension of that order. Indeed, the compressed schedule is a problem of Plaintiffs' own making and cannot justify any extension of this Court's TRO order.

Dated:  July 30, 2019, noon	Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-6302
(501) 682-2591 (fax)
nicholas.bronni@arkansasag.gov

*Counsel for Defendants*