**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LITTLE ROCK FAMILY**                                                                  **PLAINTIFFS**
**PLANNING SERVICES,** *et al.*,

**v.**                      **Case No. 4:19-cv-00449-KGB**

**LESLIE RUTLEDGE, in her**
**official capacity as Attorney General**
**of the State of Arkansas,** *et al.*,                                            **DEFENDANTS**

**ORDER**

Before the Court is defendants' motion to strike latest declaration of Jason Lindo, Ph.D., and for other relief (Dkt. No. 80). Plaintiffs responded in opposition to the motion (Dkt. No. 82). For the following reasons, the Court denies the motion.

By way of background, on Friday, July 19, 2019, the Court conducted a hearing on defendants' renewed motion for expedited prehearing discovery, or alternatively to strike the declarations of Dr. Lindo (Dkt. No. 56). For reasons stated on the record and in a written order entered by the Court, the Court denied defendants renewed motion for expedited prehearing discovery and to strike Dr. Lindo's declarations (Dkt. No. 71).

The Court entered a Protective Order and stated that, based on representations by plaintiffs' counsel, with the entry of the Protective Order, the discovery agreements described by the parties to the Court in the joint status report remained in force and effect (Dkt. Nos. 69, 71). Further, the Court understood that plaintiffs produced to defendants the materials plaintiffs had agreed to provide subject to the Protective Order. Although defendants' counsel sent an electronic mail message to the Court on Saturday, July 20, 2019, raising the possibility of seeking emergency relief based on the production, defendants did not seek such relief from the Court (Dkt. No. 80-3).

On July 22, 2019, the Court conducted a hearing on plaintiffs' motion for temporary restraining order and/or preliminary injunction (Dkt. No. 78). At no time before or during the hearing on plaintiffs' motion for temporary restraining order and/or preliminary injunction did defendants object on the basis that plaintiffs failed to produce responsive materials in keeping with the parties' agreement on expedited discovery. At the hearing, defendants had the opportunity to cross-examine Dr. Lindo regarding the opinions he has offered in this case and did so.

On July 23, 2019, after the hearing on the motion for temporary restraining order and/or preliminary injunction, plaintiffs filed a notice of correction of the record (Dkt. No. 79). Then, defendants filed the current motion (Dkt. No. 80). Defendants contend that plaintiffs admitted the morning of July 23, 2019, that they did not provide the data purportedly underlying Dr. Lindo's calculations in the same format as provided to Dr. Lindo, which defendants claim was defendants' request. For relief, defendants now request that the Court: (1) direct plaintiffs to produce the data underlying Dr. Lindo's calculations in the same form and format as it was provided to Dr. Lindo, (2) allow defendants' expert, Tumulesh K.S. Solanky, Ph.D., time to review the data and provide a supplemental report addressing it, and (3) allow defendants the opportunity to depose Dr. Lindo to "test his latest claims." (Dkt. No. 80, at 4).

In response, plaintiffs assert that there is no basis on which to award to defendants their requested relief. As an initial matter, as plaintiffs observe, Dr. Lindo provided no analysis of Arkansas Act 493 of 2019, which bans abortion "where the pregnancy is determined to be greater than 18 weeks," as measured from the first day of a woman's last menstrual period ("LMP") in nearly all cases ("Act 493"), or Arkansas Act 619 of 2019, which prohibits a physician from intentionally performing or attempting to perform an abortion "with the knowledge" that a pregnant woman is seeking an abortion "solely on the basis" of: a test "indicating" Down

syndrome; a prenatal diagnosis of Down syndrome; or "[a]ny other reason to believe" the "unborn child" has Down syndrome ("Act 619"). Dr. Lindo's calculations and declarations have no bearing on this Court's analysis of Act 493 or Act 619.

With regard to Dr. Lindo's analysis of Arkansas Act 700 of 2019, which provides that "[a] person shall not perform or induce an abortion unless that person is a physician licensed to practice medicine in the state of Arkansas and is board-certified or board-eligible in obstetrics and gynecology" ("Act 700" or the "OBGYN requirement"), plaintiffs maintain that the timing of this data production was the result of defendants' failure to engage in a timely meet and confer regarding the protective order or failure to seek timely Court intervention regarding the date on which plaintiffs represented from the outset they would respond to the agreed upon expedited discovery requests (Dkt. No 82, at 1).

Further, plaintiffs maintain that they violated no Federal Rules of Civil Procedure in merging two Excel spreadsheets that plaintiffs also provided to Dr. Lindo before producing that data to defendants. Plaintiffs assert that Federal Rule of Civil Procedure 26 has no requirement that plaintiffs produce the information in the exact same form in which the information was emailed to Dr. Lindo and that, under the circumstances of the compressed schedule, no such requirement should be imposed.

Contrary to any claim that defendants have not seen the data provided to Dr. Lindo, plaintiffs represent that defendants have received all of the data on which Dr. Lindo relied, with the April 2018 data produced in duplicate (Dkt. No. 82, at 2). As plaintiffs note, this "merging error had no effect on 34 of the 35 months of data on which Dr. Lindo relied . . . ." (Dkt. No. 82, at 2). Further, plaintiffs' counsel point to the compressed schedule as the cause of their inadvertent oversight in failing to remove the duplicate April 2018 entries (Dkt. No. 82, at 1 n.1). Plaintiffs

observe that defendants, at the July 22, 2019, hearing, "spent a substantial portion of their allotted time testing Dr. Lindo's assumptions and conclusions" through cross examination of Dr. Lindo (Dkt. No. 82, at 2).

Perhaps most importantly, as plaintiffs point out: "Dr. Lindo relied on data from LRFP and PPAEO showing the date on which each procedure was provided, the type of procedure provided, the point in pregnancy at which LRFP's procedures were provided, the treating physician, and the patients' county and state. Defendants have had all along full access to all this information, in the reports that PPAEO and LRFP are required to file with the State in connection with every abortion procedure." (Dkt. No. 82, at 3 (citing a declaration defendants filed in the *Jegley* litigation that attached an example of such reports submitted by Arkansas abortion providers and a summary of county-level data on abortion patients defendants were able to create based on such reporting)).

The Court denies defendants' motion and declines to grant the relief requested by defendants in their motion (Dkt. No. 80). The production of data on July 19, 2019, is a result of defendants' failure to engage timely to reach agreement on the terms of an agreeable protective order or to seek Court intervention regarding the parties' agreement related to expedited discovery. The parties reached an agreement on several matters with respect to expedited discovery, and the Court was not privy to the specific terms of their agreement (Dkt. No. 40). The Court is not in a position to determine a breach of the parties' agreement or to enforce the parties' agreement related to expedited discovery. *See* Local Rule 7.4 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas ("The Court will not recognize any agreement between counsel, if counsel differ as to its terms, unless the agreement has been reduced to writing.").

Plaintiffs represent that they agreed to produce the relevant data on July 19, 2019, and there is no dispute that plaintiffs did so. Defendants do not counter this assertion. Defendants now complain about the form of the data, but the Court is not in a position to state in what form plaintiffs agreed to produce the data. The parties do not agree on this point, and the Court understands from defendants that this purportedly might have been the subject of an agreement among counsel to which the Court was not privy.

Moreover, duplicate entries for April 2018 did not invalidate all other data provided for the other 34 out of 35 months, nor did duplicate entries for April 2018 materially impact defendants' ability to cross examine Dr. Lindo at the July 22, 2019, hearing in this matter on the opinions he offers. Further, defendants have been in possession of this same data as a result of the reporting requirements imposed by defendants on Arkansas abortion providers the entire time. Defendants do not dispute this. The motion is denied (Dkt. No. 80).

So ordered this 30th day of July 2019.

_____
Kristine G. Baker
United States District Judge