# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**LITTLE ROCK FAMILY**  **PLAINTIFFS**
**PLANNING SERVICES,** *et al.*,

v.  Case No. 4:19-cv-00449-KGB

**LESLIE RUTLEDGE, in her**
**official capacity as Attorney General**
**of the State of Arkansas,** *et al.*,  **DEFENDANTS**

## ORDER

Before the Court is defendants' motion for expedited preliminary-injunction-proceeding discovery and to shorten plaintiffs' time to respond to this motion (Dkt. No. 86). The Court shortened plaintiffs' time to respond to the motion (Dkt. No. 89), and plaintiffs responded in opposition to the motion (Dkt. No. 92). For the following reasons, the Court denies defendants' motion.

As an initial matter, the Court denies the motion because defendants again failed to comply with Local Rule 7.2(g) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, which imposes a meet and confer requirement before discovery motions are filed with the Court. Plaintiffs represent that defendants did not attempt to meet and confer regarding this second motion for expedited discovery, and defendants fail to include in their moving papers the required statement that the parties "have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court." *See* Local Rule 7.2(g).

Regardless, the Court denies the motion and denies the relief defendants' request. Defendants fail to demonstrate good cause for this expedited discovery for a number of reasons. As an initial matter, this is the second set of expedited discovery to which defendants seek to

compel plaintiffs to respond before this Court rules on a pending request for preliminary injunction (*see* Dkt. Nos. 26, 56). At the preliminary injunction stage, "'[e]xpedited discovery is not the norm.'" *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012) (quoting *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Therefore, "the party seeking discovery must demonstrate that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party." *Nilfisk, Inc. v. Liss*, Case No. 17-cv-1902 (WMW/FLN), 2017 WL 7370059, at *7 (D. Minn. June 15, 2017). On the facts and circumstances of this case, defendants fail to do so.

First, as to requests for documents or information or deposition testimony from Planned Parenthood of Arkansas and Eastern Oklahoma ("PPAEO"), PPAEO although a party to this litigation is not a party to the pending request for a preliminary injunction. Second, there is record evidence that demonstrates that PPAEO does not and cannot provide surgical abortion care in Arkansas at the time of this Court's inquiry with respect to the pending motion for a preliminary injunction (Dkt. No. 32-1). Plaintiffs have presented live witness testimony, subject to cross examination by defendants, and sworn declarations that PPAEO cannot provide surgical abortions due in part to their limited number of providers and facility limitations. Third, defendants subpoenaed Janet Cathey, M.D., one of the OBGYNs who provide abortion care at PPAEO Little Rock for the July 22, 2019, hearing. Defendants had sufficient notice of that hearing, the hearing was set on a date requested by defendants, and defendants could have subpoenaed any number of witnesses to testify at that hearing. They chose Dr. Cathey. Dr. Cathey attended the hearing and testified; defendants had a full opportunity to cross examine her on these matters and to obtain evidence related to these matters. Defendants chose not to conduct any meaningful cross examination of Dr. Cathey on these topics at the July 22, 2019, hearing. These matters were not

unknown to defendants at the time of the July 22, 2019, hearing. In fact, defendants questioned Jason Lindo, Ph.D., plaintiffs' expert witness, about the press release related to capacity at PPAEO's intended new Little Rock facility. Further, upon review, the written requests for production defendants propose are overly broad and unduly burdensome and not proportional to the needs of this case at this stage of the litigation. Defendants offer no explanation for why a second round of expedited discovery in this case is necessary on these topics, under the circumstances.

To the extent defendants claim any need for a second round of expedited discovery related to the data produced to or relied upon by Jason Lindo, Ph.D., this Court has examined those arguments in ruling on a related motion (Dkt. No. 80). The Court rejects defendants' arguments and any claim that defendants require a second round of expedited discovery on this basis.

To the extent defendants seek information regarding the number of out-of-state abortions obtained by Arkansas residents at unspecified health centers in Oklahoma, Missouri, Texas, Tennessee, Mississippi, Louisiana, and Kansas, the Court denies the request. The requests related to this information are vague as they reference "abortion facilities in States bordering or near Arkansas" that "PPAEO and/or related parties operate—or in the last five years has operated;" procedurally improper given the parties involved in this litigation and the parties from whom defendants intend to seek discovery based on the Court's understanding of their requests; overly broad and unduly burdensome and not proportional to the needs of this case at this stage of the litigation in as much as these requests seek information from unidentified providers in approximately seven different states for a five year period; and irrelevant based on this Court's determination regarding the obligations of Arkansas and its analysis of Arkansas abortion

providers only (Dkt. No. 83, at 143-45).  Defendants offer no legal argument that persuades the Court to reconsider that determination.

For these reasons, the Court denies defendants' motion and the requested relief (Dkt. No. 86).

So ordered this 30th day of July 2019.

_____
Kristine G. Baker
United States District Judge