## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, et al., <br><br>         Plaintiffs, <br><br>     v. <br><br> LESLIE RUTLEDGE, in her official capacity as Attorney General of the State of Arkansas, et al., <br><br>         Defendants. | CIVIL ACTION <br><br> Case No. 4:19-cv-00449-KGB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR A PRELIMINARY INJUNCTION HEARING** |

## INTRODUCTION[1]

On July 5, 2019, the Court provided notice of the July 22, 2019 hearing on Plaintiffs' motion for a TRO and/or Preliminary Injunction. *See* Dkt. 31. The parties had more than two weeks to prepare, during which time Defendants served opposition papers containing declarations from numerous expert and fact witnesses, and served subpoenas on PPAEO's Dr. Janet Cathey and LRFP's Dr. Thomas Tvedten. Plaintiffs objected to neither subpoena. At the hearing, Plaintiffs called and elicited live testimony from five witnesses (OBGYN expert Dr. Fred Hopkins, abortion-care expert Dr. Linda Prine, LRFP Clinic Director Lori Williams, economist Dr. Jason Lindo, and LRFP physician Dr. Thomas Tvedten). Defendants called four witnesses: Dr. Cathey, Dr. Donna Harrison, statistician Dr. Tumulesh Solanky, and Ms. Judy McGruder. At the end of the hearing, Defendants identified no additional witnesses they wished to have called.

The parties had a full and fair opportunity to present live witness testimony in support of their claims and defenses on July 22, and Defendants identify no compelling reason to schedule a second hearing before the Court addresses Plaintiffs' preliminary-injunction motion. Their request should be denied.

## ARGUMENT

None of the five justifications that Defendants offer in support of their preliminary-injunction-hearing request are compelling:

*(1) Defendants are not entitled at this emergency-relief stage of the case to cross examine Dr. Jason Lindo a second time.[2]* Defendants' claim that they are entitled to again cross examine

---

[1] Unless otherwise indicated, all internal quotations and citations are omitted and all emphasis is added. This brief refers to Defendants' motion for a preliminary-injunction hearing as the "Mot."

[2] Dr. Lindo lives outside this Court's subpoena power, in Texas. *See* Fed. R. Civ. P. 45.

Dr. Lindo because, in Defendants' words, they "have been denied access to the data that Lindo supposedly relied on" (Mot. 1) is plainly false and a bald-faced misrepresentation of the record. As Plaintiffs showed in their Notice of Correction and opposition to Defendants' motion to strike Dr. Lindo's opinions, Plaintiffs sent Defendants all the information on which Dr. Lindo relied on July 19, 2019, the day that the Court entered the requisite protective order.  *See* Dkt. 79, 82.  As this Court recognized in a recent ruling, moreover, Defendants had LRFP's and PPAEO's abortion-care data even before July 19, "as a result of the reporting requirements imposed by defendants on Arkansas abortion providers."  Dkt. 96 at 5.  The only difference between the abortion-care data that Plaintiffs provided Dr. Lindo before he formed his expert opinions and the abortion-care data that Plaintiffs produced to Defendants *is the latter contains duplicate entries for April 2018. See* Dkt. 79, 82.  Defendants' repeated attempt to make more of this is a distortion of the record that should not be indulged.  Nevertheless, and to finally put this issue to bed, Plaintiffs are providing with this brief the abortion-care data on which Dr. Lindo relied in the two-spreadsheet format in which it was sent to him, rather than the merged-spreadsheet format in which it was originally provided to Defendants.[3]

Defendants' assertion that they were deprived of an opportunity to examine Dr. Lindo's "*latest* opinions" (Mot. 3 (emphasis in original)) is likewise divorced from reality.  That is because Dr. Lindo disclosed *no new opinions* after the July 22, 2019 hearing.  Indeed, Defendants identify none.  *See id.*  To the contrary, Dr. Lindo's post-hearing declaration merely identified Plaintiffs' counsel's Excel-merging error, and reiterated that his opinions are *unchanged. See* Dkt. 79-1.  And as this Court recently observed, the merging error identified the

---

[3] *See* Declaration of Leah Godesky, Esq. ¶¶ 1-4.  Plaintiffs reassert here that they are under no obligation to provide Defendants with expert reliance material in specific formats, and do not agree to do so going forward.

day after the hearing did not materially impact Defendants' ability to cross examine Dr. Lindo:

"duplicate entries for April 2018 did not invalidate all other data provided for the other 34 out of

35 months, nor did duplicate entries for April 2018 materially impact defendants' ability to cross

examine Dr. Lindo at the July 22, 2019 hearing in this matter on the opinions he offers." Dkt. 96

at 5.

      *(2)  Defendants have had a full and fair opportunity to explore LRFP's and PPAEO's*

*inability to comply with the OBGYN Requirement*.  Defendants assert that they are entitled to

cross examine LRFP's Lori Williams and a PPAEO representative on the clinics' inability to

comply with the OBGYN Requirement, because in the *Jegley* litigation, PPAEO said that it

could not comply with the back-up-provider requirement, and then subsequently identified a

back-up provider.  *See* Mot. 2-3.  As a threshold matter, this hardly demonstrates a 'pattern' of

the clinics saying without foundation that they are unable to comply with an abortion restriction.

The simple fact of the matter is that material circumstances changed in *Jegley*, when PPAEO and

LRFP unexpectedly identified a back-up provider.  At the time LRFP and PPAEO

representatives testified in *Jegley*, they could not comply with the statute, and those changed

circumstances do not affect the LRFP Plaintiffs' ability to comply with the OBGYN

Requirement.  Nor does Defendants' reference to the *Jegley* testimony provide a basis on which

to grant Defendants' request for a preliminary-injunction hearing, because Defendants had

*precisely* that cross-examination opportunity during the July 22, 2019 hearing.  Much of

Defendants' questioning of Ms. Williams related to LRFP's ability to comply with the OBGYN

Requirement.[4]  Defendants likewise had an opportunity to ask Dr. Cathey about compliance

issues, but simply chose not to.[5]

Defendants' reference to the Court's intervening decision not to incorporate the entirety

of the *Jegley* litigation record into the record on this motion (*see* Mot. 2) changes nothing.

Defendants appear to claim that because LRFP's and PPAEO's purportedly inconsistent

compliance testimony from *Jegley* is not now in the record of this case, they are entitled to a do-

over.  *See id.* 2-3.  But again, Defendants could have cross examined Ms. Williams and Dr.

Cathey with any purportedly inconsistent *Jegley* testimony at the July 22, 2019 hearing, and

make no effort to explain here why they did not.[6]

*(3) There is no basis for further PPAEO-related examinations*.  As an initial matter, and

as the Court recently observed, PPAEO "is not a party to the pending request for a preliminary

injunction," Dkt. 97 at 2, and thus details regarding its provision of abortion care are not relevant

to the Court's determination of the LRFP Plaintiffs' pending motion.  With regard to PPAEO

Fayetteville, the Court should reject Defendants' claim that they are entitled to testimony

regarding PPAEO Fayetteville's current gap in medication-abortion care.  *See* Mot. 3 ("Nor have

Defendants had an opportunity to explore PPAEO's decision to cease its Fayetteville operations

or its efforts to locate another facility.").  The facts and circumstances surrounding PPAEO

---

[4] *See*, *e.g.*, Hearing Tr. at 105-06.

[5] *Id.* 200-01.

[6] Defendants also appear to claim that the Court erred in deciding not to incorporate the entire *Jegley* record into this case because, according to Defendants, they complied with the Court's request that Defendants specifically direct the Court to any *Jegley* evidence they believe is relevant to the instant challenge.  *See* Mot. 2.  But Defendants cite in support of their compliance claim only counsel's vague statement at the end of the July 22, 2019 hearing that the *Jegley* record reflects an alleged "pattern by these particular plaintiffs here to claim that they cannot comply with Arkansas law."  Hearing Tr. at 297. That unspecified reference hardly complies with the Court's directive that the parties "point to specific segments of the record in *Jegley* that they believe should be incorporated … and considered by the Court."  Dkt. 94 at 5.

Fayetteville's need to relocate due to unanticipated landlord issues simply has nothing to do with the burdens and (lack of) benefits associated with the OBGYN Requirement, and Defendants do nothing to tie their unspecified examination requests to the parties' claims and defenses. *See id.* Moreover, Defendants' claim that they had insufficient time to identify an appropriate witness on this topic for the July 22, 2019 hearing (*see id.* 4) is disingenuous, given that PPAEO and Dr. Ho filed their notice of withdrawal on July 8, two weeks before the hearing. *See* Dkt. 32.

With regard to PPAEO Little Rock, Defendants have not shown that there is a need for a second hearing to explore PPAEO Little Rock's ability to provide surgical abortion care. As this Court recently determined, "there is record evidence that demonstrates that PPAEO does not and cannot provide surgical abortion care in Arkansas at the time of this Court's inquiry with respect to the pending motion for a preliminary injunction." Dkt. 97 at 2. "Plaintiffs have presented live witness testimony, subject to cross examination by defendants, and sworn declarations that PPAEO cannot provide surgical abortions due in part to their limited number of providers and facility limitations." *Id.* And contrary to Defendants' assertion that they were "not given an opportunity [at the July 22 hearing] to explore PPAEO's plans for its expanded Little Rock abortion facility," Mot. 3, "Defendants chose not to conduct any meaningful cross examination of Dr. Cathey on [PPAEO-operations-related] topics at the July 22, 2019 hearing." Dkt. 97 at 2. As the Court has already found, these issues "were not unknown to Defendants at the time of the July 22, 2019 hearing," Dkt. 97 at 3, and Defendants simply decided not to explore them. Indeed, Defendants identify in their motion no facts or changed circumstances discovered after the hearing.

*(4) There is no basis on which to hold a hearing regarding out-of-state abortion providers.* Defendants' vague reference to the need for a hearing on out-of-state abortion

5

providers (*see* Mot. 3) should be rejected, because it fails to comply with the Court's July 26, 2019 directive that any request for a preliminary-injunction hearing "set[] forth an overview of the additional evidence the party intends to present."  Dkt. 88.  Defendants identify no specific witnesses or issues they would seek to present at a second hearing regarding out-of-state providers.  And even more importantly, the availability of out-of-state providers is, as this Court recently reiterated, completely "irrelevant based on this Court's determination regarding the obligations of Arkansas and its analysis of Arkansas abortion providers only."  Dkt. 97 at 3-4.

*(5) An evidentiary hearing is not needed to address purported legal errors in the Court's prior rulings.*  Defendants' final pitch is that a second hearing is necessary to address what they characterize as "multiple legal errors in this Court's order granting a temporary restraining order."  Mot. 4.  But Defendants do not specify the purported legal errors to which they refer, or explain how an evidentiary hearing would address them.  *See id.*  In any event, the supplemental preliminary-injunction briefing permitted under the current schedule is a more appropriate place to address Defendants' legal arguments, *not* a live evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a preliminary-injunction hearing.

Dated: July 31, 2019

Respectfully submitted,

Leah Godesky*
Kelly Scavone*
Attorneys for Plaintiffs
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
lgodesky@omm.com
kscavone@omm.com
Tel: (212) 326-2254

Fax: (212) 326-2061

Kendall Turner*
Attorney for Plaintiffs
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com

Taylor Simeone*
Attorney for Plaintiffs
O'Melveny & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
tsimeone@omm.com
(310) 553-6700

Meagan Burrows*
Susan Talcott Camp*
American Civil Liberties Union
Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
tcamp@aclu.org
(212) 549-2633
*Attorneys for Plaintiffs LRFP and Dr.
Thomas Tvedten*

Maithreyi Ratakonda*
Planned Parenthood Federation of
America
123 William St., 9th Fl.
New York, NY 10038
mai.ratakonda@ppfa.org
(212) 261-4405

*Attorney for Plaintiffs PPAEO and Dr.
Stephanie Ho*

*\* Motion for admission pro hac vice
granted*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR  72201
 (501) 920-1764 – Telephone
bettinabrownstein@gmail.com

*On Behalf of the Arkansas Civil Liberties Union
Foundation, Inc.*
*Attorney for Plaintiffs*

Rebecca Rhodes Jackson (AR Bar No. 2017079)
904 West 2nd Street
Little Rock, AR  72201
 (314) 440-6265 – Telephone
beckywesth@gmail.com

*On Behalf of the Arkansas Civil Liberties Union
Foundation, Inc.*
*Attorney for Plaintiffs LRFP and Dr. Thomas Tvedt*