IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LESLIE RUTLEDGE, in her official capacity as Attorney General of the State of Arkansas, et al., <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 4:19-cv-00449-KGB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND FOR OTHER APPROPRIATE RELIEF** |

# INTRODUCTION[1]

Defendants' purported "Motion to Strike" makes no sense, given that the brief at issue has already been removed from the public docket, and Plaintiffs are awaiting guidance from the Court on how to proceed with regard to a replacement filing.  Plaintiffs take no position regarding Defendants' confidentiality claim, and worked in good faith to honor it as soon as the parties' misunderstanding regarding Defendants' designation was made known.  There is also no basis for sanctions because Plaintiffs' misunderstanding was justified, given Defendants' prior statements regarding the non-confidentiality of facility-level information relating to abortion care, and Defendants' failure to explain the nature or origin of the information at issue.  For these reasons and those detailed below, Plaintiffs respectfully request that the Court deny Defendants' motion.

## BACKGROUND

**Defendants' July 31, 2019 Filing**

On July 31, 2019, in the hours leading up to Defendants' filing of their opposition to Plaintiffs' preliminary-injunction motion, Defendants contacted Plaintiffs to confirm that for purposes of the Protective Order, "the total number of abortions performed by each facility statewide . . . is not considered confidential under the protective order (as opposed to county-level information, which [Defendants were] not filing publicly)."[2]  Plaintiffs agreed.[3]  Shortly thereafter, Defendants filed with their opposition papers an 8-page document titled "█████████████████████████████████████████████████," the origin of which

---

[1] This brief refers to Defendants' Motion to strike as "Br."  Unless otherwise indicated, all emphasis is added.
[2] Exhibit 1.
[3] *Id.*

1

was nowhere described or explained in Defendants' papers ("Defendants' Sealed Exhibit").[4] The document lists the ▇ Arkansas health care facilities where abortions were provided in 2018, along with the specific number of abortions provided at each facility, and county-level patient data.[5]  Defendants designated the document "Confidential" under the Protective Order.[6]

Defendants cited the document in support of their claim that Plaintiffs' expert Dr. Jason Lindo overstates the harmful effects of the OBGYN Requirement.  Specifically, Defendants criticize Dr. Lindo because, according to Defendants, he "did not take into account the fact that any Arkansas board-certified OBGYN can perform an abortion . . . . [a]nd it is undisputed that other physicians do perform abortions."[7]  Thus, Defendants appear to contend that ▇ ▇ could fill some of the enormous void in care that would result if LRFP is forced to close or substantially reduce its patient volume.

**Plaintiffs' August 1, 2019 Filing**

On August 1, 2019, Plaintiffs responded to Defendants' opposition, showing that none of Defendants' opposition-brief arguments undermine Dr. Lindo's conclusions.  Relevant here, Plaintiffs explained that the 2018 abortion-care data cited by Defendants changes nothing in terms of the Court's analysis of the OBGYN Requirement, because the data merely shows that ▇ abortions were provided in 2018 at ▇.  *See* Dkt. 107 at 22.  Those ▇ procedures are dwarfed by the thousands that LRFP provides each year, and ▇ annual contribution to women's access to abortion care is immaterial.  *See id.*  At 5:45pm CST, Defendants notified the Court and Plaintiffs via e-mail that Defendants assert that the identity of ▇ and the number of abortions provided at ▇ last year are confidential

---

[4] Defendants' Sealed Exhibit 1.
[5] *Id.*
[6] *Id.*
[7] Dkt. 103 at 55 (Opp to PI).

2

under the Protective Order.[8]  Plaintiffs promptly investigated and responded in one hour with a redacted version of their brief for replacement public filing.[9]  Plaintiffs explained that they did not understand Defendants to have designated the facility-level information confidential, based on Defendants' statement the day before regarding the non-confidentiality of facility-level data (as opposed to county-specific patient data).[10]  Plaintiffs immediately accepted the Court's offer to assist in removing the brief from the public docket,[11] and the brief is no longer accessible to the public.  Plaintiffs' managing attorney contacted this Court's clerk for further guidance, and counsel were instructed to e-mail a redacted copy of Plaintiffs' brief to the Court and await further instruction.

**Defendants' August 2, 2019 Motion to Strike**

On August 2, 2019, Defendants filed a motion to strike Plaintiffs' unredacted brief from the record and to request that the Court consider granting additional, unspecified relief under Federal Rule of Civil Procedure 37.  *See* Dkt. No. 109.

## ARGUMENT

**I.  PLAINTIFFS TAKE NO POSITION WITH REGARD TO DEFENDANTS' CONFIDENTIALITY DESIGNATION.**

Plaintiffs take very seriously the need to keep certain information exchanged in this litigation confidential,[12] and take no position on whether the entirety of Defendants' Sealed

---

[8] Exhibit 2 (filed under seal).
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Defendants' suggestion that there is a "pattern" of Plaintiffs violating the protective order because Plaintiffs sought within hours of filing their complaint the Court's assistance in removing from the public record a document that included a cell phone number for one of the plaintiff physicians (*see* Br. 7) is ludicrous.  It is simply nonsensical to request that Plaintiffs be sanctioned for filing their own confidential information, and there was in any event no Protective Order in place during the earliest stages of the case.

3

Exhibit should be properly designated "Confidential" under the Protective Order. Plaintiffs will proceed with regard to this matter however the Court directs them.

Plaintiffs note, however, that Defendants' position regarding the confidentiality of ▆▆▆▆▆▆ as an abortion provider undermines Defendants' position on the merits of this case. According to Defendants, Plaintiffs overstate the OBGYN Requirement's impact because there are OBGYN abortion providers at health care facilities other than LRFP and PPAEO. *See supra* 2. But if ▆▆▆▆▆▆ is not willing to go public as an abortion provider, it is all but impossible that ▆▆▆▆▆▆ could fill the substantial void in care that would be created by the OBGYN Requirement.

## II.   SANCTIONS ARE NOT WARRANTED.

Defendants' request for additional relief under Rule 37 should be denied. Plaintiffs acted with due diligence and promptly worked with the Court and clerk to remove the filing at issue from the public docket within one hour of receiving notice of Defendants' confidentiality designation. *See supra* 2. Plaintiffs' good-faith conduct with regard to the Protective Order stands in stark contrast to that of Defendants, who recently threatened to unilaterally declare Plaintiffs' confidentiality designations waived and publicly file patient data on the public docket. *See* Dkt. No. 90. Defendants cannot rehabilitate their complete disregard of the Protective Order by citation to Plaintiffs' good-faith conduct and reimagining of their own prior conduct.

Moreover, Plaintiffs' reference in their public brief to ▆▆▆▆▆▆ was based on a reasonable misunderstanding of Defendants' designation. *First*, only hours before Plaintiffs' filing, Defendants had drawn an express contrast between facility-level information and county-level patient information, in terms of Protective Order treatment. *See supra* 1. Plaintiffs thus reasonably understood that distinction to also apply to Defendants' data, and facility-level

4

information in Defendants' Sealed Exhibit to not be subject to the Protective Order.  *Second*, Defendants' claim that Plaintiffs should have known the facility-level information was in itself designated confidential because Arkansas law requires the protection of provider-identifying information provided by the Arkansas Department of Health (*see* Br. 6), is undermined by Defendants' failure to provide *any* information demonstrating that the information in Defendants' Sealed Exhibit came from the Arkansas Health Department.  In fact, Defendants provided no information at all regarding the basis for their designation.  *See supra* pp.1–2.  In addition, to the extent that the information in Defendants' Sealed Exhibit did indeed originate at the Arkansas Department of Health, Plaintiffs note that according to the regulations on which Defendants rely, which were established to address "planning for the provision of health care," Ark. Code Ann. § 20-7-302 (*see*, *e.g.*, Br. 6), the data should not have been used in litigation at all.  *See* Ark. Code Ann. § 20-7-305(b) ("Data provided, collected, or disseminated under this subchapter which identifies, or could be used to identify, any individual patient, provider, institution, or health plan *shall not be subject to discovery pursuant to the Arkansas Rules of Civil Procedure or the Freedom of Information Act*"); *see also id.* § 20-7-305(c) (permitting disclosure of data "*only* for purposes of research and aggregate statistical reporting to the Arkansas Center for Health Improvement, the Agency for Healthcare Research and Quality for its Healthcare Cost and Utilization Project, or other researchers for research projects approved by the Department of Health").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court provide instructions regarding how Plaintiffs should proceed with regard to a public copy of their brief, and deny Defendants' motion for additional relief.

Dated: August 5, 2019

Respectfully submitted,

Leah Godesky*
Kelly Scavone*
Attorneys for Plaintiffs
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
lgodesky@omm.com
kscavone@omm.com
Tel: (212) 326-2254
Fax: (212) 326-2061

Kendall Turner*
Attorney for Plaintiffs
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com

Taylor Simeone*
Attorney for Plaintiffs
O'Melveny & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
tsimeone@omm.com
(310) 553-6700

Meagan Burrows*
Susan Talcott Camp*
American Civil Liberties Union Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
tcamp@aclu.org
(212) 549-2633
*Attorneys for Plaintiffs LRFP and Dr. Thomas Tvedten*

Maithreyi Ratakonda*
Planned Parenthood Federation of America
123 William St., 9th Fl.
New York, NY 10038
mai.ratakonda@ppfa.org
(212) 261-4405

*Attorney for Plaintiffs PPAEO and Dr. Stephanie Ho*

*\* Motion for admission pro hac vice granted*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR  72201
 (501) 920-1764 – Telephone
bettinabrownstein@gmail.com

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs*

Rebecca Rhodes Jackson (AR Bar No. 2017079)
904 West 2nd Street
Little Rock, AR  72201
 (314) 440-6265 – Telephone
beckywesth@gmail.com

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs LRFP and Dr. Thomas Tvedt*