IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK FAMILY PLANNING SERVICES**, *et al.*,                              **PLAINTIFFS**,

v.                              Case No. 4:19-cv-00449-KGB

**LESLIE RUTLEDGE**, in her official capacity as
Attorney General of the State of Arkansas, *et al.*,                              **DEFENDANTS**.

**REPLY IN SUPPORT OF MOTION TO STRIKE AND FOR OTHER APPROPRIATE RELIEF**

Plaintiffs do not dispute that they violated this Court's protective order. Nor do they deny their history of disclosing nonpublic information. Instead, Plaintiffs argue that Defendants are not entitled to relief because Plaintiffs did not designate certain information in their own exhibits Confidential. That claim defies logic. It likewise underscores why this Court should grant Defendants' motion and consider Rule 37 sanctions for Plaintiffs' flagrant violation of the protective order.

**ARGUMENT**

Plaintiffs violated this Court's protective order. Plaintiffs concede that "Defendants designated [Defendants' Sealed Exhibit 1] 'Confidential' under the Protective Order." Doc. 117, Res. Br. 2. Despite that, Plaintiffs filed a public document citing that sealed document and publicly identifying an entity or entities—other than Plaintiffs' abortion facilities—as having performed abortions. *See* former Doc. 107 (Defs.' Sealed Exhibit 7 at 23). Plaintiffs concede that prior to publicly disclosing that Confidential information, they made no effort to challenge Defendants' designation. *See* Res. Br. 2. Nor did Plaintiffs notify Defendants that they intended to disclose that information, attempt to obtain written consent, or seek an order allowing public disclosure. *See id.*

Instead, at an hour that ensured it could not be promptly removed, Plaintiffs simply filed that information on the public docket. Then, having publicly disclosed the identity of an

abortion-providing entity or entities, Plaintiffs waited a *full hour* before responding to Defendants' request that the information be removed.  As a result of Plaintiffs' conduct, information designated Confidential was publicly available for *at least* two-and-a-half hours.  Those facts alone warrant granting Defendants' motion to strike and would likewise justify a full range of sanctions under Rule 37.

Plaintiffs do not argue their conduct was unintentional.  Instead, Plaintiffs claim that they did not understand this Court's protective order.  But Plaintiffs do not explain what was unclear.  This Court's protective order treats abortion providers' "identities, contact information, and hospital and/or practice affiliation[s]" as "Highly Confidential" and generally prohibits public disclosure of that information.  Doc. 69 at ¶ 2; *see id*. at ¶ 5.  That order likewise provides for the designation of information deemed confidential under state law and provides specific mechanisms for challenging designations.  *Id*. at ¶¶ 3, 5.  Moreover, earlier in the week, this Court clarified that information designated Confidential remains so and "shall not become a part of the public record except upon the written consent of the party or person supplying the information or unless so ordered by this Court."  *Id*. at ¶ 16; *see also* Doc. 93 (minute entry for July 29, 2019 proceedings).   And Plaintiffs make no effort to square their current confusion with their representations in *Planned Parenthood of Arkansas & Eastern Oklahoma v. Jegley*, Case No. 4:15-cv-00784, that a nearly identical protective order shielded the identity of previously undisclosed abortion providers.  *See* Doc. 109-3.

Even more implausible is Plaintiffs' alternative suggestion that an email from Defendants inquiring whether *Plaintiffs* meant to designate certain information in *Plaintiffs' own* sealed exhibit as Confidential somehow means that different information in Defendants' Sealed Exhibit 1 was not Confidential.  *See* Res. Br. 1, 4.  Plaintiffs do not explain that theory.  Nor can Defendants' inquiry plausibly be read as waiving Defendants' designation of the identities of

2

previously undisclosed abortion-providing entities as Confidential. And Plaintiffs concede as much, acknowledging that "Defendants designated the document" listing another abortion-providing entity or entities as "'Confidential' under the Protective Order." Res. Br. 2.

To excuse their conduct, Plaintiffs also suggest that Arkansas law does not require Defendants to designate the identities of abortion-providing entities as Confidential and that they did not know the source of that information. Res. Br. 4-5. That claim does not change the analysis. To the contrary, even if Defendants' designation was unwarranted (as Plaintiffs wrongly imply), Plaintiffs were not entitled to unilaterally overrule that designation and publicly disclose information designated Confidential. Instead, Plaintiffs were required to dispute Defendants' designation "in writing within fourteen (14) days," "make good faith efforts to resolve any disputes," and allow Defendants to "seek relief from the Court" before disclosure. Doc. 69 at ¶ 5. Yet Plaintiffs did not do that. They simply disclosed Confidential information.

Finally, Plaintiffs resort to claiming that "the data should not have been used in litigation at all." Res. Br. 5. But Plaintiffs' citation to statutes exempting certain data from discovery in state court and state Freedom of Information Act requests says nothing about whether that data may voluntarily be produced and filed in a way that does not publicly "identify[] any individual patient, provider, institution or health plan." Ark. Code Ann. 20-7-305(b). Indeed, *but for* Plaintiffs' unilateral decision to disclose that data, there would have been no public disclosure of anything.

Ultimately, this Court should grant Defendants' motion and consider sanctioning Plaintiffs. As previously discussed, Plaintiffs sought similar penalties for Defendants' notice disputing Plaintiffs' designation of data as Confidential and suggesting that data *could be* publicly filed pursuant to the protective order. *See* Doc. 90. By contrast, Plaintiffs *did* publicly file Confidential information. And—while Plaintiffs previously argued that sanctions would be

3

appropriate for even inadvertent disclosures (*see id.* at 8)—there is no dispute that Plaintiffs' violations were intentional.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court formally strike Plaintiffs' original filing listed as Docket 107 from the record, ensure that document is removed from the Court's electronic filing system, require the docket entry be updated to reflect this Court's decision to order that filing's removal from the Court's electronic filing system, and order Plaintiffs to file the original document under seal.  Defendants also request that this Court consider granting other appropriate relief under Federal Rule of Civil Procedure 37 and this Court's inherent power to address Plaintiffs' violation of this Court's protective order.

Dated:  August 6, 2019

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Nicholas J. Bronni (2016097)
  Solicitor General
Vincent M. Wagner (2019071)
  Deputy Solicitor General
Michael A. Cantrell (2012287)
Dylan L. Jacobs (2016167)
  Assistant Solicitors General
Jennifer L. Merritt (2002148)
  Senior Assistant Attorney General
OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-6302
(501) 682-8162 (fax)
Nicholas.Bronni@ArkansasAG.gov

*Counsel for Defendants*