# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LESLIE RUTLEDGE, ET AL., <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 4:19-cv-00449-KGB <br><br> **PLAINTIFFS LITTLE ROCK FAMILY PLANNING SERVICES AND DR. THOMAS TVEDTEN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EXPEDITED LEAVE TO FILE A SUPPLEMENTAL COMPLAINT** |

## INTRODUCTION[1]

To promote the interests of judicial economy, and to obtain complete relief for Plaintiffs and their patients without the burden of commencing a new, related litigation, Plaintiffs Little Rock Family Planning Services ("LRFP") and Dr. Thomas Tvedten (together, "Plaintiffs") move to supplement their complaint under Federal Rule of Civil Procedure 15(d) to challenge as unconstitutional the State's enforcement of Executive Order 20-13 and the April 3, 2020 Arkansas Department of Health ("ADH") Directive on Elective Surgeries to bar all surgical abortion "except where immediately necessary to protect the life or health of the patient" (the "COVID-19 Abortion Ban").  Plaintiffs have concurrently filed a motion seeking emergency relief enjoining the COVID-19 Abortion Ban, which is currently in effect, and respectfully request that this motion be heard on an expedited basis.

Courts have broad discretion under Federal Rule of Civil Procedure 15(d) to grant leave for a party to file a supplemental pleading.  As detailed below, such leave is warranted here,

---

[1] Unless otherwise noted, all emphasis is added and all internal quotations are omitted.

1

because a supplemental complaint would (i) promote the economic and speedy disposition of the parties' disputes, (ii) will not cause undue delay or trial inconvenience, and (iii) not prejudice Defendants.

## BACKGROUND

### *The Three Challenged 2019 Acts In The Operative Complaint*

On June 26, 2019, Plaintiffs brought this action seeking declaratory and injunctive relief, challenging three Acts passed by the Arkansas General Assembly that obstruct patients' access to the medication and surgical abortion care that Plaintiffs provide (together, the "Three Challenged 2019 Acts"). *See* Dkt. No. 1. Arkansas Act 493 (the "18-Week Ban") prohibits abortion after 18 weeks in almost all cases. *See* 2019 Ark. Act 493, § 20-16-2004(b); *id*. § 20-16-2003(9). Arkansas Act 619 (the "Reason Ban") prohibits a physician from providing an abortion "with the knowledge" that it is sought because of: (1) a test "indicating" Down syndrome; (2) a prenatal diagnosis of Down syndrome; or (3) "[a]ny other reason to believe" Down syndrome affects the pregnancy. 2019 Ark. Act 619, § 20-16-2003(a). And Arkansas Act 700 (the "OBGYN Requirement") prohibits physicians from providing abortions unless they are "board-certified or board-eligible in obstetrics and gynecology." 2019 Ark. Act 700, § 20-16-605(a).

In asserting that the Three Challenged Acts are unconstitutional, Plaintiffs' operative complaint alleges facts relating to the (i) abortion procedures typically provided in Arkansas and their safety compared to other medical procedures, (ii) importance of abortion as an element of women's health care, (iii) significant obstacles patients face in accessing abortion care in Arkansas (including, for example, substantial travel distances and strained financial resources), and (iv) risks to women's health and well-being that arise when access to abortion care is delayed or denied altogether. *See* Dkt. No. 1 ¶¶ 37-108. The crux of Plaintiffs' allegations in the

operative complaint is that the Three Challenged 2019 Acts would impermissibly obstruct—in violation of the United States Constitution—women's access in the State to critically necessary healthcare. *See generally id.* Those unfounded obstacles to care, Plaintiffs allege, constitute violations of (among other things) the right to privacy and equal protection guaranteed by the Fourteenth Amendment. *See id.* ¶¶ 109-117. The Court heard extensive live testimony on these issues from various experts and LRFP and Planned Parenthood of Arkansas & Oklahoma ("PPAEO") clinicians during a July 2019 temporary-restraining-order hearing.[2]

On July 23, 2019, this Court granted Plaintiffs' request for a temporary restraining order barring enforcement of the Three Challenged 2019 Acts. *See* Dkt. No. 83. Shortly thereafter, on August 6, 2019, this Court issued a preliminary injunction. *See* Dkt. No. 119. This Court held that Plaintiffs were likely to prevail on the merits of their due-process challenge to all three laws. *Id.* at 84. Holding that the Three Challenged 2019 Acts would imminently and irreparably harm Plaintiffs and their patients, this Court preliminarily enjoined the State from enforcing them. *See id.* at 182, 185. Defendants appealed. *See* Dkt. No. 120. The appeal is pending before the Eighth Circuit, and neither the discovery period nor other pre-trial district-court proceedings have commenced.

***Arkansas's COVID-19 Abortion Ban***

In recent weeks, governments across the world, including the State of Arkansas, have enacted important measures to respond to the outbreak of COVID-19. In Arkansas, however, the Governor and ADH have decided to use the current public-health crisis as a pretext for barring women from accessing reproductive healthcare in the State. On April 3, 2020, the ADH issued a Directive relating to elective surgery (the "April 3 Directive"). The April 3 Directive states that

---

[2] *See* Dkt. No. 84 (July 25, 2019 hearing transcript).

elective-surgery "[p]rocedures … that can be safely postponed shall be rescheduled to an appropriate future date."[3] The next day, by Executive Order 20-13, Governor Asa Hutchinson declared that a violation of a directive from the Secretary of Health "is a misdemeanor offense, and upon conviction thereof is punishable by a fine of not less than one hundred ($100) nor more than five hundred dollars ($500) or by imprisonment not exceeding one (1) month, or both."[4] And on April 10, the ADH sent LRFP a cease-and-desist order (the "C&D Order") stating that the April 3 Directive "mandates the postponement of all procedures that are not immediately medically necessary," and thus, according to ADH, the "prohibition applies to surgical abortions that are not immediately necessary to protect the life or health of the patient."[5] The C&D Order ordered LRFP to "immediately cease and desist the performance of surgical abortions, except where immediately necessary to protect the life or health of the patient."[6] The C&D Order also stated that "[a]ny further violations of the April 3 Directive will result in an immediate suspension of [LRFP's] license."[7]

Defendants are thus exploiting the pandemic to achieve their longtime goal of severely restricting—if not eliminating entirely—access to abortion care in the State, effectively nullifying the relief that this Court granted in its preliminary-injunction ruling. As before, women seeking abortions in Arkansas face an "imminent threat to their constitutional rights,"

---

[3] *See* Arkansas Department of Health April 3, 2020 Directive on Elective Surgeries, *available at* https://www.healthy.arkansas.gov/images/uploads/pdf/Elective_Procedure_Directive_April_3.pdf.

[4] *See* EO 20-13. EO 20-13 supersedes the Directives set out in two prior Executive Orders; EO 20-03, issued March 11, 2020, and EO 20-10, issued March 26, 2020.

[5] L. Williams Decl. (concurrently filed), Ex. 4.

[6] *Id.*

[7] *Id.*

Dkt. No. 119, at 182, along with all the financial, physical, psychological, and emotional burdens that remaining pregnant against one's will necessarily entails. Nothing in the current crisis justifies these harms; in fact, as explained in Plaintiffs' contemporaneously filed motion for a temporary restraining order and/or preliminary injunction, prohibiting abortion during the pandemic will not achieve any of the State's public-health objectives and is in fact likely to exacerbate the crisis.

*The Proposed Supplemental Complaint*

The Proposed Supplemental Complaint challenges the COVID-19 Abortion Ban, and is substantially related to the operative complaint. Two of the four Plaintiffs are the same, as are all 18 Defendants.[8] As with regard to the 18-Week Ban, the Reason Ban, and the OBGYN Requirement challenged in the operative complaint, Plaintiffs allege in the Proposed Supplemental Complaint that the COVID-19 Abortion Ban violates women's constitutional right to access abortion care under the Fourteenth Amendment.[9] Similarly, the Proposed Supplemental Complaint—just like the operative complaint—pleads facts relating to the (i) abortion procedures typically provided in Arkansas and their safety compared to other medical procedures, (ii) importance of abortion as an element of women's health care, (iii) significant obstacles women face in accessing Arkansas abortion care in Arkansas (including travel distance and a lack of financial resources), and (iv) risks to women's health and well-being that arise when access to abortion care is delayed or denied altogether.[10] Indeed, many such allegations from the operative complaint are expressly incorporated by reference in the Proposed

---

[8] Ex. 1 (Proposed Supplemental Complaint).

[9] *Compare* Dkt. No. 1 and Ex. 1 (Proposed Supplemental Complaint).

[10] *Compare* Dkt. No. 1 and Ex. 1 (Proposed Supplemental Complaint).

Supplemental Complaint.[11] Given the related nature of the constitutional challenges reflected in the operative complaint and the Proposed Supplemental Complaint, and the early stage of the existing litigation, Plaintiffs seek leave to file a supplemental pleading in this action, rather than burden the judicial system and parties with filing a wholly new complaint in a newly initiated case where duplication of discovery, motion practice, and hearings would be almost certain.

## ARGUMENT

I. **THE COURT SHOULD PERMIT PLAINTIFFS TO FILE A SUPPLEMENTAL PLEADING RELATING TO THE COVID-10 ABORTION BAN.**

    A. **The Court Has Broad Discretion To Permit A Supplemental Pleading Addressing Matters That Relate To The Original Pleading.**

Federal Rule of Civil Procedure 15(d) empowers the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Arizona v. California*, 530 U.S. 392, 409 & n. 4 (2000). "An application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRAC. & PROC. CIVIL § 1504 (3d. ed. Sept. 2018 update) (footnotes omitted); *see also Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000) (characterizing Rule 15 as "permissive for the parties and discretionary for the court").

"Where the supplemental pleading … relates to the same cause of action originally pleaded, … it would be an abuse of discretion to deny the amendment." *Intrepid v. Pollock*, 907

---

[11] Ex. 1 (Proposed Supplemental Complaint).

F.2d 1125, 1129 (Fed. Cir. 1990) (citing *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226–27 (1964)); *see also Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008) ("A court should permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading" (citing 3 James Wm. Moore, *Moore's Federal Practice* § 15.30 (3d ed. 2008))). Indeed, supplemental pleadings are an important tool that "serves to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Habitat Educ. Ctr.*, 250 F.R.D. at 401-02 (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)).

### B. Plaintiffs' Proposed Supplemental Complaint Would Be Efficient, and Give Rise To No Prejudice To Defendants.

Because the Proposed Supplemental Complaint relates to the operative pleading, permitting Plaintiffs to file would further the economic disposition of the case.

*First*, Plaintiffs primarily allege additional facts supporting their existing claims under the substantive-due-process and equal-protection clauses of the Fourteenth Amendment.[12] Indeed, the Proposed Supplemental Complaint alleges that the COVID-19 Abortion Ban violates nearly five decades of unbroken Supreme Court precedent holding that a state may not ban abortion before the point of fetal viability,[13] just like the Court determined at the preliminary-injunction-stage that the 18-Week Ban and the Reason Ban do. *See Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 846 (1992); *see also Roe v. Wade*, 410 U.S. 113, 163-65 (1973). The Proposed Supplemental Pleading likewise asserts that the COVID-19 Abortion Ban—like the OBGYN Requirement—is independently unconstitutional because it significantly limits

---

[12] Ex. 1 at ¶¶ 48-51 (Proposed Supplemental Complaint).

[13] Ex. 1 at ¶¶ 3, 49 (Proposed Supplemental Complaint).

women's ability to access abortion care in Arkansas with no countervailing benefit.[14]

Plaintiffs' new vagueness challenge to the COVID-19 Abortion Ban changes nothing. The Eighth Circuit has instructed that a supplemental pleading need not be limited to asserting new facts: "the trial court may permit a plaintiff to supplement its complaint with a new cause of action arising after the original complaint." *Baker Grp., L.C.*, 228 F.3d at 886 (emphasis omitted); *accord Rowe v. U. S. Fid. & Guar. Co.*, 421 F.2d 937, 943 (4th Cir. 1970) ("While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance…."). Denying a party the right to assert a new cause of action under Rule 15(d) would "unnecessarily restrict[] the purpose and availability of supplemental pleading under the federal rules," given that "a party should be given every opportunity to join in one lawsuit all grievances against another party regardless of when they arose." 6A Fed. Prac. & Proc. Civ. § 1506 (3d ed.).

*Second*, to the extent that the Court examines the (purported) benefits and burdens of the COVID-19 Abortion Ban in evaluating Plaintiffs' constitutional challenge, the analysis would involve facts, issues, and witnesses common to those underlying Plaintiffs' existing challenge to the OBGYN Requirement. For example, data on the safety of abortion care, LRFP's practices and procedures, and the harms that arise when women are not able to access care, are all relevant to both Plaintiffs' challenges to the OBGYN Requirement and the COVID-19 Abortion Ban. *See supra* 2 and 5. There are also overlapping witnesses. LRFP Clinic Director Lori Williams, for example, has offered testimony in support of LRFP's challenge to both the OBGYN

---

[14] Ex. 1 at ¶ 49 (Proposed Supplemental Complaint).

Requirement and the COVID-19 Ban.[15]  And in challenging the COVID-19 Abortion Ban, Plaintiffs rely on expert testimony from Dr. Janet Cathey, an OBGYN at PPAEO who provided testimony at the July 2019 hearing.  The Court's existing familiarity with these key legal and factual issues and witnesses is all the more important in the exigent circumstances presented by the COVID-19 pandemic.  If the COVID-19 Abortion Ban is enforced, women in Arkansas would be forced to resort to carrying pregnancies to term against their will.  Thus, while the allegations relating to the COVID-19 Abortion Ban will inevitably "inject some new issues into the case," because "all the[] new issues are sufficiently related to the existing claims," a supplemental pleading is appropriate.  *Concerned Area Residents for the Environment v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D. N.Y. 1993) (permitting supplemental pleading and finding no prejudice); *see also Pre-term-Cleveland v. Attorney Gen. of Ohio*, Case No. 1:19-cv-00360-MRB (S.D. Ohio Mar. 30, 2020) (Dkt. No. 43) (granting abortion providers leave to file supplemental complaint regarding COVID-19 in pending litigation regarding other abortion bans); *Robinson v. Marshall*, Case No. 2-19-cv-00365-MHT (M.D. Ala. Mar. 30, 2020) (Dkt. 78) (preliminarily doing same).

      Furthermore, the Proposed Supplemental Complaint would give rise to no undue delay or prejudice.  *See United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (granting leave to file supplemental pleading where no prejudice would accrue to opposing party).  This case was initiated less than one year ago.  *See* Dkt. No. 1.  And with Defendants' appeal relating to the Three Challenged 2019 Acts still pending before the Eighth Circuit, no post-preliminary-injunction discovery requests have been served, and no depositions have been taken.  Nor have

---

[15] *See, e.g.,* Dkt. No. 2 (L. Williams June 2019 Declaration) and L. Williams April 2020 Declaration (concurrently filed).

dispositive motions been filed.  There is no risk of duplicating efforts or wasting resources in discovery, or burdening Defendants and the Court with multiple rounds of dispositive motion practice.  *Compare Burka v. Aetna Life Ins. Co.*, 945 F. Supp. 313, 318–19 (D. D.C. 1996) (deeming proposed supplemental pleading prejudicial because discovery was closed and the court had ruled on summary-judgment-stage motions).  Thus, there is "[n]o reason … why the formality and expense of starting a new action should be required." *Vorachek*, 563 F.2d at 887.

## CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request that this Court grant Plaintiffs' Expedited Motion for Leave to File Supplemental Complaint.

Dated:  April 13, 2020

Respectfully submitted,

Leah Godesky*
Christopher Burke**
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
lgodesky@omm.com
cburke@omm.com
(212) 326-2254
Fax:  (212) 326-2061

Kendall Turner*
Ashley Robertson**
Maya Zagayer**
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com
arobertson@omm.com
mzagayer@omm.com

*Attorneys for Plaintiffs*

Meagan Burrows*
Ruth E. Harlow**
American Civil Liberties Union Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
rharlow@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs*

* *Motion for admission pro hac vice granted*
** *Motion for admission pro hac vice pending*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR 72201
bettinabrownstein@gmail.com
(501) 920-1764

Brooke-Augusta Ware (AR Bar No. 2004091)
Mann & Kemp, PLLC
221 West Second Street, Suite 408
Little Rock, Arkansas 72201
brooke@mannkemp.com
(501) 222-7330

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs*