# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LESLIE RUTLEDGE, in her official capacity as Attorney General of the State of Arkansas, *et al.*,<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>Case No. 4:19-cv-00449-KGB<br><br>**PLAINTIFFS' MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

Plaintiffs Little Rock Family Planning Services ("LRFP") and Dr. Thomas Tvedten, on behalf of themselves and their patients, hereby move the Court under Federal Rule of Civil Procedure 65 for *ex parte* temporary restraining order and/or preliminary injunction restraining Defendants from eliminating patients' right to freely access surgical-abortion care, *i.e.*, the only type of care available to women who are more than 10 weeks pregnant, as measured from the date of their last menstrual period ("LMP") (the "COVID-19 Abortion Ban" or the "Ban"). On the morning of Friday, April 10, the Arkansas Health Department ("ADH") demanded that clinicians at Plaintiff Little Rock Family Planning ("LRFP") cease providing surgical-abortion care to numerous women who had already assumed the substantial burdens of making an initial trip to the clinic days before to receive the State's mandated (in-person) "informed-consent" information. ADH stated that the provision of surgical abortion "will result in an immediate suspension of [LRFP's] license."[1] Violation of the ADH directive also carries criminal, financial, and licensure penalties, and each day a person or business operates in violation of the guidance would constitute a separate offense.[2]

The issuance of a temporary restraining order without a hearing and without notice to Defendants or providing them an opportunity to respond is warranted. First, Plaintiffs have set forth specific facts in the Supplemental Complaint and in sworn declarations, attached hereto, clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiffs' patients before Defendants can be heard in opposition. In fact, Plaintiffs have already been forced to turn away a number of women seeking care on Friday. And during the coming week, they are

---

[1] Ex. 1.

[2] *See* Ark. Code § 20-7-101; Executive Order to Amend Executive Order 20-03 Regarding the Public Health Emergency Concerning COVID-19 for the Purpose of Imposing Further Restrictions to Prevent the Spread of COVID-19, EO 20-13, § 2(a) (Apr. 4, 2020), https://governor.arkansas.gov/images/uploads/executiveOrders/EO_20-13._.pdf.

scheduled to provide surgical care to more than 20 women, including at least 12 for whom medication abortion is not an option.³ These women will all be forced to carry their pregnancies to term against their will or, in the midst of a pandemic, assume the substantial burdens associated with attempting to travel to another State to exercise their constitutional right to access pre-viability abortion care. That is a quintessential example of immediate and irreparable harm. *See* Fed. R. Civ. P. 65(b)(1)(A); *see also Zaxby's Franchising, LLC v. MJM Foods*, LLC, No. 3:16-CV-00137 BSM, 2016 WL 3024074, at *1 (E.D. Ark. May 25, 2016) (granting *ex parte* temporary restraining order to prevent customer confusion before restaurant trademark dispute could be resolved); *Tempur-Pedic Int'l, Inc. v. Waste To Charity, Inc.*, No. 07 2015, 2007 WL 535041, at *5 (W.D. Ark. Feb. 16, 2007) (granting *ex parte* temporary restraining order to prevent the movement or destruction of mattresses).

Second, Plaintiffs attempted to contact counsel for Defendants on April 12, 2020, to resolve this matter without litigation, and expressly informed Defendants that Plaintiffs would be seeking emergency relief if the matter could not otherwise be resolved. These efforts to resolve the matter have been unsuccessful. *See* Godesky Decl., attached hereto, ¶¶ 4–5. This is more than sufficient to satisfy Plaintiffs' obligations to give notice and, given the threat of imminent and irreparable harm, no further notice should be required. *See* Fed. R. Civ. P. 65(b)(1)(B); *see also, e.g.*, *GE Commercial Distribution Fin. Corp. v. Crabtree RV Ctr., Inc.*, 2009 WL 10707170, at *3–4 (W.D. Ark. Apr. 3, 2009) (granting *ex parte* temporary restraining order to protect interest in recreational vehicles even where "*no efforts* have been made to give notice to the Defendant," given the threat of imminent and irreparable harm) (emphasis added); *Ellis v. Jackson Nat'l Life Ins. Co.*. No. 2:11-CV-1064-WKW, 2011 WL 6300608, at *1–2 (M.D. Ala. Dec. 15, 2011) (finding single phone call

---

³ Williams Decl. ¶ 40.

to nonmovant's counsel sufficient to grant *ex parte* temporary restraining order).

As more fully explained in the accompanying brief, Plaintiffs satisfy the remaining requirements for a temporary restraining order and a subsequent preliminary injunction because (i) Plaintiffs are likely to succeed on the merits of their claims that the COVID-19 Abortion Ban violates the constitutional rights of Plaintiffs and their patients; (ii) the balance of equities tips strongly in favor of Plaintiffs and their patients; and (iii) the public interest will be served by a temporary restraining order and/or an injunction.  Plaintiffs further request that, given the nature of the relief sought and Plaintiffs' limited means, bond be waived should the Court grant injunctive relief.

This Motion is based upon the Supplemental Complaint filed in this case, the exhibits to that Complaint, the brief filed herewith, and the following documents:

1. Attached as **Exhibit 1** is a true and accurate copy of the April 10, 2020 Arkansas Department of Health cease-and-desist order.

2. Attached as **Exhibit 2** is a true and accurate copy of the April 12, 2020 declaration of Lori Williams.

3. Attached as **Exhibit 3** is a true and accurate copy of the April 12, 2020 declaration of Janet Cathey.

4. Attached as **Exhibit 4** is a true and accurate copy of the March 21, 2020 Arkansas Department of Health Elective Surgery Guidance.

5. Attached as **Exhibit 5** is a true and accurate copy of the March 30, 2020 Arkansas Department of Health Guidance Letter.

6. Attached as **Exhibit 6** is a true and accurate copy of the April 2, 2020 Little Rock Family Planning Services Precautions and Protocols in Response to COVID-19 Pandemic.

7. Attached as **Exhibit 7** is a true and accurate copy of the April 3, 2020 Arkansas Department of Health Directive on Elective Surgeries.

8. Attached as **Exhibit 8** is a true and accurate copy of Arkansas State Senator Trent Garner's March 29, 2020 tweet.

9. Attached as **Exhibit 9** is a true and accurate copy of the April 6, 2020 *SFGate* article titled *Arkansas Schools Closed for Rest of Year Due to Coronavirus*.

10. Attached as **Exhibit 10** is a true and accurate copy of the March 19, 2020 Arkansas Department of Health Directive to Dentists to suspend non-emergent dental care.

11. Attached as **Exhibit 11** is a true and accurate copy of Governor Asa Hutchinson's March 13, 2020 Executive Order (EO 20-05) amending EO 20-03.

12. Attached as **Exhibit 12** is a true and accurate copy of the March 18, 2020 American College of Obstetricians and Gynecologists and the American Board of Obstetrics & Gynecology *et al.* Joint Statement on Abortion Access During the COVID-19 Outbreak.

13. Attached as **Exhibit 13** is a true and accurate copy of the March 30, 2020 American Medical Association statement on government interference in reproductive health care.

14. Attached as **Exhibit 14** is a true and accurate copy of the April 4, 2020 *Daily Caller* article titled *World Health Organization: Abortion Is 'Essential' During Coronavirus Pandemic*.

15. Attached as **Exhibit 15** is a true and accurate copy of the March 19, 2020 Ambulatory Surgery Center Association COVID-19 Guidance for ASCs on Necessary Surgeries.

16. Attached as **Exhibit 16** is a true and accurate copy of New Jersey Governor Phil Murphy's March 23, 2020 COVID-19 Press Information.

17. Attached as **Exhibit 17** is a true and accurate copy of the April 2, 2020 Department of Labor Unemployment Insurance Weekly Claims.

      18.    Attached as **Exhibit 18** is a true and accurate copy of the April 13, 2020 declaration of Leah Godesky.

Dated:  April 13, 2020

Respectfully submitted,

Leah Godesky*
Christopher Burke**
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
lgodesky@omm.com
cburke@omm.com
(212) 326-2254
Fax:  (212) 326-2061

Kendall Turner*
Ashley Robertson**
Maya Zagayer**
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com
arobertson@omm.com
mzagayer@omm.com

*Attorneys for Plaintiffs*

Meagan Burrows*
Ruth E. Harlow**
American Civil Liberties Union Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
rharlow@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs*

*\* Motion for admission pro hac vice granted*
*\*\* Motion for admission pro hac vice pending*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR 72201
bettinabrownstein@gmail.com
(501) 920-1764

Brooke-Augusta Ware (AR Bar No. 2004091)
Mann & Kemp, PLLC
221 West Second Street, Suite 408
Little Rock, Arkansas 72201
brooke@mannkemp.com
(501) 222-7330

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs*