# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| LITTLE ROCK FAMILY PLANNING SERVICES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LESLIE RUTLEDGE, in her official capacity as Attorney General of the State of Arkansas, *et al.*, <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 4:19-cv-00449-KGB <br><br> **PLAINTIFFS' MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

Plaintiffs Little Rock Family Planning Services ("LRFP") and Dr. Thomas Tvedten, on behalf of themselves and their patients, hereby move the Court under Federal Rule of Civil Procedure 65 for an *ex parte* temporary restraining order and/or preliminary injunction enjoining Defendants from enforcing the Arkansas Department of Health's ("ADH") April 10, 2020 Cease and Desist Order ("Order") against patients who would be beyond the legal limit for abortion care (21.6 weeks LMP) by May 11, when the Governor's Executive Order declaring a state of emergency in Arkansas is set to expire. To account for the very real possibility that the Executive Order will be extended, the temporary restraining order should state that it applies with equal force to any new, substituted Executive Order expiration date.

On the morning of Friday, April 10, ADH ordered that clinicians at LRFP cease providing surgical abortion care unless the procedure is "immediately necessary to protect the life or health of the patient."[1] ADH stated that the provision of surgical abortion "will result in an immediate suspension of [LRFP's] license."[2] Violation of the ADH directive also carries criminal, financial, and licensure penalties, and each day a person or business operates in violation of the guidance would constitute a separate offense.[3]

The issuance of a temporary restraining order without a hearing and without notice to Defendants or providing them an opportunity to respond is warranted. First, Plaintiffs have set forth specific facts in the Supplemental Complaint and in sworn declarations, clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiffs' patients before

---

[1] Dkt No. 134-1.

[2] *Id.*

[3] *See* Ark. Code § 20-7-101; Executive Order to Amend Executive Order 20-03 Regarding the Public Health Emergency Concerning COVID-19 for the Purpose of Imposing Further Restrictions to Prevent the Spread of COVID-19, EO 20-13, § 2(a) (Apr. 4, 2020), https://governor.arkansas.gov/images/uploads/executiveOrders/EO_20-13._.pdf.

Defendants can be heard in opposition. In fact, tomorrow, April 23, Plaintiffs are scheduled to provide surgical abortion care to at least 2 women who will be beyond the legal limit for abortion in Arkansas by May 11, 2020. *See* Second Godesky Decl., attached hereto, ¶ 4. These women will be forced to carry their pregnancies to term against their will or, in the midst of a pandemic, assume the substantial burdens associated with attempting to travel to another State to exercise their constitutional right to access pre-viability abortion care. That is a quintessential example of immediate and irreparable harm. *See* Fed. R. Civ. P. 65(b)(1)(A); *see also Zaxby's Franchising, LLC v. MJM Foods*, LLC, No. 3:16-CV-00137 BSM, 2016 WL 3024074, at *1 (E.D. Ark. May 25, 2016) (granting *ex parte* temporary restraining order to prevent customer confusion before restaurant trademark dispute could be resolved); *Tempur-Pedic Int'l, Inc. v. Waste To Charity, Inc.*, No. 07 2015, 2007 WL 535041, at *5 (W.D. Ark. Feb. 16, 2007) (granting *ex parte* temporary restraining order to prevent the movement or destruction of mattresses).

Second, Plaintiffs attempted to contact counsel for Defendants on April 22, 2020, to resolve this matter without litigation, and expressly informed Defendants that Plaintiffs would be seeking emergency relief if the matter could not otherwise be resolved. These efforts to resolve the matter have been unsuccessful. *See* Second Godesky Decl. ¶ 3. This is more than sufficient to satisfy Plaintiffs' obligations to give notice and, given the threat of imminent and irreparable harm, no further notice should be required. *See* Fed. R. Civ. P. 65(b)(1)(B); *see also, e.g.*, *GE Commercial Distribution Fin. Corp. v. Crabtree RV Ctr., Inc.*, 2009 WL 10707170, at *3–4 (W.D. Ark. Apr. 3, 2009) (granting *ex parte* temporary restraining order to protect interest in recreational vehicles even where "*no efforts* have been made to give notice to the Defendant," given the threat of imminent and irreparable harm) (emphasis added); *Ellis v. Jackson Nat'l Life Ins. Co.*. No. 2:11-CV-1064-WKW, 2011 WL 6300608, at *1–2 (M.D. Ala. Dec. 15, 2011) (finding single phone call to

nonmovant's counsel sufficient to grant *ex parte* temporary restraining order).

As more fully explained in the accompanying brief, Plaintiffs satisfy the remaining requirements for a temporary restraining order and/or a subsequent preliminary injunction because (i) Plaintiffs are likely to succeed on the merits of their claims that enforcing a prohibition on surgical abortions against patients who would be beyond the legal limit for abortion care (21.6 weeks LMP) by May 11, or whenever the Executive Order is lifted, violates the constitutional rights of Plaintiffs and their patients; (ii) the balance of equities tips strongly in favor of Plaintiffs and their patients; and (iii) the public interest will be served by a temporary restraining order and/or an injunction.  Plaintiffs further request that, given the nature of the relief sought and Plaintiffs' limited means, bond be waived should the Court grant injunctive relief.

This Motion is based upon the Supplemental Complaint filed in this case, the exhibits to that Complaint, the exhibits and declarations submitted in support of Plaintiffs' April 13, 2020 motion for an *ex parte* temporary restraining order and/or preliminary injunction, the brief filed herewith, and the following document:

1. Attached as **Exhibit 1** is a true and accurate copy of the April 22, 2020 declaration of Leah Godesky ("Second Godesky Decl.").

2. Attached as **Exhibit 2** is a true and accurate copy of the April 22, 2020 declaration of Lori Williams ("Lori Williams Third Supp. Decl.").


Dated:  April 22, 2020                                          Respectfully submitted,

                                                        Leah Godesky*
                                                        Christopher Burke*
                                                        O'Melveny & Myers LLP
                                                        Times Square Tower

7 Times Square
New York, New York 10036
lgodesky@omm.com
cburke@omm.com
(212) 326-2254
Fax: (212) 326-2061

Kendall Turner*
Ashley Robertson*
Maya Zagayer*
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com
arobertson@omm.com
mzagayer@omm.com

*Attorneys for Plaintiffs*

Meagan Burrows*
Ruth E. Harlow*
American Civil Liberties Union Foundation
125 Broad St, 18th Floor
New York, NY 10001
mburrows@aclu.org
rharlow@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs*

*\* Motion for admission pro hac vice granted*

Bettina Brownstein (AR Bar No. 85019)
Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, AR 72201
bettinabrownstein@gmail.com
(501) 920-1764

Brooke-Augusta Ware (AR Bar No. 2004091)
Mann & Kemp, PLLC
221 West Second Street, Suite 408
Little Rock, Arkansas 72201
brooke@mannkemp.com
(501) 222-7330

*On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorney for Plaintiffs*