THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LITTLE ROCK FAMILY PLANNING SERVICES,** *et al.*                                **PLAINTIFFS**

v.                             Case No. 4:19-cv-00449-KGB

**LESLIE RUTLEDGE, in her official capacity as Attorney**
**General of the State of Arkansas,** *et al.*                                      **DEFENDANTS**

**ORDER**

From the outset of this case, this Court committed to reconsidering matters addressed in the Court's Temporary Restraining Order upon the submission of defendants' written arguments (Dkt. Nos. 141, at 1; 147, at 1; 152, at 1–2). On April 21, 2020, defendants first submitted written arguments to this Court (Dkt. No. 153).

In their written submission, defendants oppose the request by separate plaintiffs Little Rock Family Planning Services ("LRFP") and Thomas Tvedten, M.D., on behalf of himself and his patients (collectively, the "Supplemental Complaint Plaintiffs"), to file a supplemental complaint in this action (Dkt. No. 153, at 5), a request this Court provisionally granted in the Temporary Restraining Order (Dkt. No. 141, at 1). This Court, on its own motion, reconsiders that decision.

Rule 15(d) of the Federal Rules of Civil Procedure authorizes supplementation of a complaint based on later events. While an amended pleading under Rule 15(a) "is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time," a supplemental pleading under Rule 15(d) "is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977). Rule 15(d) "is a tool of judicial economy and convenience," *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988), which promotes as complete an adjudication of the dispute between the parties as possible, *see Schneeweis v. Nw. Tech. Coll.*, No. CIV.97-1742 (JRT/RLE), 1998 WL

420564, at *13 (D. Minn. June 1, 1998). "Thus, when a supplemental pleading facilitates the efficient administration of justice, a court should allow it." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008) (citing *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226–27 (1964)). "The granting of such leave is discretionary and will not be disturbed on appeal unless grossly abused." *Minn. Min. & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960) (quoting *Arp v. United States*, 244 F.2d 571, 574 (10th Cir. 1957)).

When this Court made the decision to allow the provisional filing of the supplemental complaint, defendants had taken no position on the request. Defendants were made aware of this matter by counsel for the Supplemental Complaint Plaintiffs on Sunday, April 12, 2020, and were served with the filing on Monday, April 13, 2020 (Dkt. No. 134-18). At no time prior to this Court's ruling late in the afternoon of Tuesday, April 14, 2020, did counsel for defendants formally or informally oppose the request with this Court. Defendants expressed no position on this request before this Court until April 21, 2020.

Further, at the time this Court made the decision to allow provisionally the supplemental complaint, the Court understood the Supplemental Complaint Plaintiffs' first claim to track closely with an existing claim in this case upon which this Court previously ruled (Dkt. Nos. 119, at 84–94; 141, at 10–17). With its ruling in this case, the Eighth Circuit clarified the law to be applied under *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), to these claims in the unprecedented and unusual circumstances presented by this pandemic. *See In re Rutledge*, No. 20-1791 (8th Cir. Apr. 22, 2020). That clarification regarding the substantive law to be applied in this case leads the Court to its result.

Having considered these matters, the Court denies the Supplemental Complaint Plaintiffs' request to file a supplemental complaint in this action (Dkt. No. 132).[1] The Court strikes from this action the Supplemental Complaint Plaintiffs' first supplemental complaint for injunctive and declaratory relief (Dkt. No. 142) and all other filings related to the supplemental complaint for injunctive and declaratory relief made by the Supplemental Complaint Plaintiffs and defendants (Dkt. Nos. 133, 134, 135, 149, 150, 153, 158, 159, 160, 161, 162, 163, 164, 165, 166, 168, 169, 171, 172, 173, 174) and vacates this Court's prior Orders impacted by this decision (Dkt. Nos. 141, 147, 148, 152, 154, 167, 170).

The Court directs the Clerk of Court to file provisionally the Supplemental Complaint Plaintiffs' first supplemental complaint for injunctive and declaratory relief (Dkt. No. 142) and all other filings related to the supplemental complaint for injunctive and declaratory relief as a separate action and to reassign by random assignment the new case (Dkt. Nos. 133, 134, 135, 149, 150, 153, 158, 159, 160, 161, 162, 163, 164, 165, 166, 168, 169, 171, 172, 173, 174).

---

[1] The Court acknowledges that three other federal district courts have permitted a supplemental complaint challenging restrictions on access to abortion care premised upon COVID-19 concerns to be filed in pending litigation involving challenges to other types of abortion-related restrictions. *See Adams & Boyle, P.C. v. Slatery*, No. 3:15-CV-00705, 2020 WL 1905147, at *4 (M.D. Tenn. Apr. 17, 2020) (determining that "[a] supplemental complaint will not prejudice defendants, who have been given notice and have had an opportunity to respond, and the gains in terms of judicial economy outweigh any possible prejudice to them"), *affirmed as modified*, No. 20-5408, 2020 WL 1982210 (6th Cir. Apr. 24, 2020); *Pre-term-Cleveland v. Attorney Gen. of Ohio*, No. 1:19-CV-00360, 2020 WL 1932851 (S.D. Ohio Mar. 30, 2020) ("The Court finds that the combination of the overlapping subject matter, the Court's familiarity with that subject matter, and the Court's prior entry of a Preliminary Injunction related to that subject matter favor allowing the supplemental pleading."), *stay denied and appeal dismissed*, No. No. 20-3365, 2020 WL 1673310 (6th Cir. Apr. 6, 2020); *Robinson v. Marshall*, No. 2:19cv365-MHT (WO), slip op. at 2–3 (M.D. Ala. Mar. 30, 2020) ("[T]he proposed supplementation is appropriate because it is based on a transaction, occurrence, or event that happened after the date of the pleading to be supplemented; has some relation to what is sought to be supplemented; would not prejudice the defendants; and would promote the efficient administration of justice." (citations and internal quotation marks omitted)). In the light of the unique factual and procedural history before the Court, the Court reaches a different result here.

It is so ordered this 1st day of May, 2020.

_____
Kristine G. Baker
United States District Judge