IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK FAMILY**                                                              **PLAINTIFFS**
**PLANNING SERVICES,** *et al.*

v.                        Case No. 4:19-cv-00449 KGB

**LESLIE RUTLEDGE,** *et al.*                                                   **DEFENDANTS**

### ORDER

Pending before the Court are several motions (Dkt. Nos. 90, 109, 121, 127). The Court rules as follows: (1) the Court grants, in part, and denies, in part, plaintiffs' emergency motion for an order enforcing plaintiffs' confidentiality designations and imposing sanctions (Dkt. No. 90); (2) the Court grants, in part, and denies, in part, defendants' motion to strike and for other appropriate relief (Dkt. No. 109); (3) the Court grants defendants' motion requesting leave to file a reply, directs defendants to file their reply within 14 days from the entry of this Order, and has considered defendants' proposed reply when ruling on the pending motion (Dkt. No. 121-1); and (4) the Court grants plaintiffs' motion for a protective order (Dkt. No. 127).

     **A.**      **Plaintiffs' Emergency Motion For An Order Enforcing Plaintiffs' Confidentiality Designations And Imposing Sanctions**

The Court begins its analysis with plaintiffs' emergency motion for an order enforcing plaintiffs' confidentiality designations and imposing sanctions (Dkt. No. 90). The Court noticed and conducted a hearing on plaintiffs' emergency motion (Dkt. Nos. 91, 93). At that hearing, the Court heard argument from counsel for plaintiffs and defendants.

According to plaintiffs' motion, "[a]t close of business on Friday evening, Defendants notified Plaintiffs that unless Plaintiffs convince Defendants by noon [Monday] that the patient data Plaintiffs have designated confidential warrants continued protection, Defendants will

publicly file the information on the docket at noon CST." (Dkt. No. 90, at 2). The patient data refers to "data reflecting detailed information about women who have historically sought abortion care in this State. . . ." (*Id.*).

The Court entered a protective order in this case (Dkt. No. 69), the terms of which control this litigation. Paragraph 16 of the protective order provides: "Confidential and highly confidential information shall not become part of the public record except upon written consent of the party or person supplying the information or unless so ordered by this Court." (*Id.*, at 7).

The Court grants, in part, and denies without prejudice, in part, plaintiffs' emergency motion (Dkt. No. 90). The Court will not overrule plaintiffs' designation of this patient data as confidential, to the extent defendants make that request of the Court. The Court instructs the parties at this time, and consistent with the terms of the protective order, to treat as confidential the patient data plaintiffs have designated as confidential. If any party wishes to request that the Court reconsider this ruling, it may do so in a written filing setting forth the legal authorities and arguments it wishes for the Court to consider upon reconsideration.

To the extent plaintiffs seek sanctions for defendants' conduct with respect to this motion, including but not limited to plaintiffs' attorney fees in having to file the motion, the Court denies without prejudice plaintiffs' request. Plaintiffs may renew their request for sanctions after the Court rules on the merits of this action, at the conclusion of the litigation, if plaintiffs choose to do so.

B.  **Motion To Strike And For Other Appropriate Relief**

Defendants filed a motion to strike and for other appropriate relief (Dkt. No. 109). Defendants maintain that defendants marked as confidential pursuant to the terms of the protective order entered in this case "a document containing sensitive information concerning an entity or

entities not publicly identified as performing abortions." (Dkt. No. 109, at 3). Defendants assert that they provided that document marked confidential to plaintiffs during discovery and that, thereafter, plaintiffs "filed a public document citing that sealed document and publicly identifying an entity or entities – other than Plaintiffs' abortion facilities – as having performed abortions." (*Id.*). Defendants maintain that, prior to publicly filing the sealed document, plaintiffs never attempted to challenge its designation as confidential under the terms of the protective order (*Id.*). Defendants represent that "[u]pon discovery Plaintiffs' public disclosure of Confidential information subject to this Court's protective order, Defendants immediately contacted this Court and requested that it direct the clerk's office to remove Plaintiffs' filing." (*Id.*, at 4).

The Court directed the Clerk to place that filing under seal (*see* Dkt. No. 107). That filing has remained under seal, pending the Court's resolution of these matters.

Defendants assert that, "[a]s a result of Plaintiffs' original filing, Defendants were required to notify relevant state officers and other stakeholders of the disclosure of Department of Health information." (Dkt. No. 109, at 5). Defendants also argue, with no citation to record evidence, that "[t]here is also a significant risk that Confidential information was accessed by the public, the media, and others and that it will be further disseminated." (*Id.*).

Defendants request "that this Court formally strike Plaintiffs' original filing listed as Docket 107 from the record, ensure that document is removed from the Court's electronic filing system, require the docket entry be updated to reflect this Court's decision to order that filing's removal from the Court's electronic filing system, and order Plaintiffs to file the original document under seal. Defendants also request that this Court "consider granting other appropriate relief under Federal Rule of Civil Procedure 37 and this Court's inherent power to address Plaintiffs' violation of this Court's protective order." (*Id.*, at 10).

Plaintiffs responded in opposition to defendants' motion (Dkt. No. 117). Defendants filed a motion requesting leave to file a reply in support of their motion to strike and for other appropriate relief (Dkt. No. 121). The Court grants defendants' motion requesting leave to file a reply, directs defendants to file their reply within 14 days from the entry of this Order, and has considered defendants' proposed reply when ruling on the pending motion (Dkt. No. 121-1).

The Court grants, in part, and denies, in part, defendants' motion (Dkt. No. 109). The Court directs that the Clerks' office to remove docket entry 107 from the Court's electronic filing system and place it under seal, consistent with this Court's prior direction and current Order. Previously, plaintiffs tendered to the Court and defense counsel a proposed redacted copy of plaintiffs' original filing. The Court directs plaintiffs to resend that proposed redacted copy to the Court and all counsel, for defendants to review that proposed redacted copy, and for defendants to inform the Court, within 14 days from the time that proposed redacted copy is circulated, whether the proposed redactions are acceptable to defendants. The Court is not privy to all of the parties' discovery and confidentiality designations in this case. As a result, the Court seeks input from counsel with respect to proposed redactions. By separate Order, the Court will direct that a redacted copy be substituted for plaintiffs' original filing.

To the extent defendants seek sanctions for plaintiffs' conduct with respect to this motion, the Court denies without prejudice defendants' request. Defendants may renew their request for sanctions after the Court rules on the merits of this action, at the conclusion of the litigation, if defendants choose to do so.

### C. Motion For Protective Order

Plaintiffs filed a motion for protective order, requesting that "this Court grant Plaintiffs' Motion for Protective Order to provide continued confidential treatment to Plaintiffs' County-

Level Confidential Patient Data." (Dkt. No. 127, at 10).  In support of their motion, plaintiffs recount events from hearings before the Court with respect to evidence and cite the events that lead to their filing their emergency motion for an order enforcing plaintiffs' confidentiality designations and imposing sanctions (Dkt. No. 90), among other matters.  Defendants oppose the motion (Dkt. No. 129); the Court rejects defendants' view of the motion.  The transcript of the Court's hearing on plaintiffs' emergency motion for an order enforcing plaintiffs' confidentiality designations and imposing sanctions speaks for itself (Dkt. No. 93).

For good cause shown, the Court grants the motion (Dkt. No. 127).  The Court directs the parties, consistent with the terms of the protective order, to continue to treat as confidential Plaintiffs' County-Level Confidential Patient Data.

So ordered this 31st day of March, 2021.

_____
Kristine G. Baker
United States District Judge